392 A.2d 858

**COMMONWEALTH of Pennsylvania**

v.

**Ronald BRODEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

Joseph R. D'Annunzio and Calvin S. Drayer, Jr., Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On December 10, 1974, appellant entered a guilty plea to charges of assault, disorderly conduct and threat on a public servant. He was sentenced to three to twenty-three months imprisonment for assault, and sentence was suspended on the remaining charges. After serving the minimum term, appellant was paroled. While on parole he was arrested and incarcerated as the result of five technical violations. He waived his right to a *Gagnon* I hearing. After a revocation hearing, parole was revoked and appellant was remanded to the Montgomery County Prison to serve the original sentence with credit for time actually served.

It is now argued that the sentence is illegal because appellant was not given credit for time served, in good standing, on parole. We disagree and affirm the lower court's order because appellant was not entitled to this credit.

Three statutes are relevant to the resolution of the question now raised. The first, the Act of August 24, 1951, P.L.

1401, § 5 (61 P.S. § 331.21a) was added to the Act of August 6, 1941, P.L. 861, § 21.1, *as amended.* Subsection b of this section provides in part that:

> "Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime . . . may be recommitted after hearing before the board. If he is so recommitted, *he shall be given credit for time served on parole in good standing* but with no credit for delinquent time . . .." (emphasis added).

By its terms, the above quoted passage deals only with parolees under the jurisdiction of the Board of Parole. The Board does not have jurisdiction over probationers and parolees sentenced to a maximum period of less than two years. 61 P.S. § 331.17. On its face, section 331.21a(b) does not apply to the instant case.

The two statutes remaining are the Act of June 19, 1911, P.L. 1055, § 10 (61 P.S. § 305), *as amended;* and the Act of June 19, 1911, P.L. 1059, § 1 (61 P.S. § 314), *as amended.* Appellant was paroled under authority of 61 P.S. § 314, which applies to parole from county jails. Appellant argues, citing *Commonwealth ex rel. Little v. Keenan,* 168 Pa.Super. 125, 78 A.2d 27 (1951), that 61 P.S. § 314 should be interpreted to include the guidelines embodied in 61 P.S. § 331.21a(b). We disagree.

In *Commonwealth ex rel. Little v. Keenan, supra,* the defendant was sentenced to a one to five year term of imprisonment in the Allegheny County Workhouse. After serving one year, the defendant was paroled by the Board of Parole under the Act of August 6, 1941, P.L. 861, § 1 (61 P.S. § 331.1) *et seq.* Twenty months later, the defendant entered a guilty plea to larceny and was sentenced to two to five years imprisonment at Western State Penitentiary. At the expiration of the minimum, he was again paroled, but was immediately returned to the workhouse to serve the balance of his maximum term. The question before the court was

whether appellant should be granted credit for time served in good standing while on probation. It was held that the defendant was not entitled to credit.

When *Little* was decided, the legislature had not adopted 61 P.S. § 331.21a, and therefore, the 1941 Act contained no provision for credit. Little argued that 61 P.S. § 314 controlled. Since this section did not preclude credit as did the companion Act of 1911 (61 P.S. § 305),[1] Little contended that credit was required. This court disagreed, holding that section 305 must be read into section 314.

> "We think, therefore, that the only reasonable conclusion to be reached from this complete absence of express legislative declaration upon the subject in the second act [61 P.S. § 314] is that the legislature considered that, by the previous act relating to the penitentiary [61 P.S. § 305], it had given to the word 'parole' a connotation sufficiently fixed and definite, at least as to basic principles, to render its further definition unnecessary when used in subsequent legislative enactments." 168 Pa.Super. at 132, 78 A.2d at 31, *quoting, Commonwealth v. Ripka,* 37 Pa.D. & C. 315, 319 (Quarter Sess.Phil.Co.1940).

This court concluded that a parolee under either section 305 and 314 was not entitled to credit and that this rule should be read into the Act of 1941 (61 P.S. § 331.1 *et seq.*).

Subsequent to the decision in *Little,* as previously noted, the legislature did add section 331.21a(b) which provides for credit to technical violators for time served in good standing. Obviously, however, the legislature was aware of the jurisdictional limitation of the Board of Parole. It could have, if it had so desired, amended the Act of 1911 (61 P.S. § 314) to require the same type of credit. This has not been done and we are not aware of any principle of statutory construction which would permit us to read the requirements of the later

1. The Act of June 19, 1911, P.L. 1055, § 10 (61 P.S. § 305) provides in part that a parole violator shall "been compelled . . . to serve . . . the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing the parole . . .."

statute into the earlier one. Appellant's claim is therefore without merit.

The order of the lower court is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.