497 A.2d 643

**COMMONWEALTH of Pennsylvania**

v.

**Paul D. FAIR, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Aug. 23, 1985.

Robert B. Keys, Jr., Lebanon, for appellant.

John E. Feather, Jr., Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

CAVANAUGH, Judge:

Appellant, Paul D. Fair, appeals from an order following a finding of violation of parole. His claim on appeal is that the parole violation order is (a) violative of double jeopardy principles; (b) excessive; and, (c) subject to vacation since representation at the hearing was ineffective. We find no merit to these contentions and affirm the order.

In October, 1982, Fair was given four to twenty-three month concurrent sentences upon a conviction in Lebanon County. He was paroled after the expiration of the mini-

mum sentence. In July, 1984, he was found to be in technical violation of his parole for voluntarily relinquishing his employment and for providing false information to his parole officer. At that time, the trial court sentenced Fair to concurrent periods of eight to twenty-three months incarceration. Thereafter, appellant petitioned for modification of the violation of parole sentence claiming that the new sentence violated his rights against double jeopardy. The court granted the petition for modification, but again found Fair to be in violation of parole. The court then revoked the parole previously granted, and ordered appellant recommitted "for the remainder of his maximum sentence, being the balance of the twenty-three months (original sentence)."

Appellant was correct in his attack upon the original order upon the violation of parole. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail...." Act of June 19, 1911, P.L. 1059 § 1, *as amended*, 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. After recommitting the parolee, the court retains the power to grant reparole.[1] *Id.* The grant to parole or reparole is subject to the court's discretion as to what "may seem just and proper." *Id.* In such cases the defendant, when found in violation of parole, is not entitled as of right to credit for time spent on parole without violation. *Commonwealth v. Michenfelder*, 268 Pa.Super. 424, 408 A.2d 860 (1979); *Commonwealth v. Broden*, 258 Pa.Super. 408, 392 A.2d 858 (1978). Given this setting, and the limited alternatives open to a court upon finding of parole violation, we do not see the court's order on reconsideration of the parole violation as being excessive. The court found the violations, though technical, to be serious:

> THE COURT: First of all let me note that primarily the only thing that I would take issue with, with regard to

---

1. Thus, it is not certain that the result of being recommitted is *necessarily* more severe than the "sentence" previously given. In one respect, it is assuredly less since appellant's maximum is nineteen months on being recommitted.

counsel for Defendant's comments was the seriousness with which the Court would consider the individual acts which were found to be in violation of the Defendant's parole, and that included the determination of a violation of Rule 7 which in essence simply provides that when you are asked by the probation or parole department to provide information that you do it and you provide truthful information. As the testimony on July 6th revealed, in addition to voluntarily relinquishing employment which was a violation of Rule 3, that false information was willingly and knowingly provided by this Defendant to his parole officer.

Different people view things differently. We view that as a very serious violation of the terms and conditions of parole. Also we would view that upon review of the information provided at the parole violation hearing that there were not substantial grounds tending to excuse the Defendant's conduct, in that the Defendant had clearly demonstrated that he, although accorded privileges of parole, was not responding affirmatively to those opportunities provided by his parole.

As to appellant's double jeopardy argument, it has also been held that double jeopardy protection does not extend to the commitment for violation of parole. *Gundy v. Commonwealth*, 82 Pa.Commonwealth Ct. 618, 478 A.2d 139, (1984); *McClure v. Commonwealth*, 75 Pa.Commonwealth Ct. 176, 461 A.2d 645 (1983). In addition, when a trial judge acts upon a parole violation by resentencing beyond his authority, as here, the invalid sentence is a nullity and does not effect the authority of the proper authority (here, the court) to recommit the violator on his original sentence. *Tillman v. Comm. of Pa., Pa. Bd. of Probation and Parole*, 48 Pa.Commonwealth Ct. 325, 409 A.2d 949 (1980). Since the first parole violation "sentence" is a nullity, there would, in any event, be no double jeopardy violation. *Compare, Commonwealth v. Martin*, 387 Pa. 449, 127 A.2d 660 (1956); *Commonwealth v. Hunter*, 321 Pa.Super. 333, 468 A.2d 505 (1983); *Commonwealth v.*

*Love,* 295 Pa.Super. 276, 441 A.2d 1230 (1982) (Hoffman, J. concurring).

■ The ineffective assistance of counsel claim is without merit. To the extent that it suggests that counsel should not have honestly stated his interpretation of the law, it is not worthy of consideration. In addition, it is clear from the record that counsel was instructed to proceed with the petition to modify his sentence after counsel discussed with Fair the alternatives he was faced with.[2]

Order affirmed.

---

2. MR. SCHADLER [Atty. for Defendant]: Yes. I would believe that this Court would have those three options open to it. I advised Mr. Fair that he could get more time, that he would have credit for, I believe, four months of incarceration, and that he could possibly get up to 19 months. I also told him that the Court could exercise its other two options. So he has chosen, and I suggested that he still had the opportunity to withdraw this Petition for Modification of Sentence. After much discussion, he has decided to go through with it, and that's where we are.