532 A.2d 487

Anthony Patrick, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 12, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Francis M. Walsh,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 7, 1987:
In this parole revocation appeal, Anthony Patrick, petitioner, appeals here an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board parole revocation order. That revocation order recommitted him as a technical and a convicted parole violator to serve eighteen months on backtime effective March 14, 1986. We shall affirm.

The pertinent facts are as follows. The Board granted Patrick parole from a sentence of three and one-half to seven years and he was released from custody on August 20, 1984. While on parole, he was arrested by Montgomery County authorities on March 1, 1985, and charged with Violating the Uniform Controlled Substance, Drug, Device, and Cosmetic Act,[1] Retail Theft,[2] and Escape.[3] The Board lodged its warrant and detainer against him on March 21, 1985. There is no assertion that he posted bail on the new charges and Patrick remained imprisoned. On June 13, 1985, he appeared in Montgomery County Common Pleas Court and pleaded guilty to the new charges with sentencing being deferred. After his guilty plea, the Board provided him with a parole Violation/Revocation Hearing. On November 27, 1985, the Board ordered him recommitted to serve eighteen months on backtime as a technical and a convicted parole violator, when available.[4] On March 14, 1986, Patrick appeared before the Honorable HORACE A. DAVENPORT at which time he was sentenced on the charges to which he pleaded guilty on June 13, 1985. Judge DAVENPORT imposed a sentence of concurrent terms of nine to eighteen months with an effective date of March 1, 1985. At the time of sentencing, Judge DAVENPORT also granted him parole on that sentence *retroactive to October 15, 1985*. The Board reaffirmed

---

[1] Section 13 of the Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113.

[2] Section 3929 of the Crimes Code, 18 Pa. C. S. §3929.

[3] Section 5121 of the Crimes Code, 18 Pa. C. S. §5121.

[4] Since Patrick was still awaiting sentencing on his guilty plea, he was still under the jurisdiction of the common pleas court and, hence, unavailable to the Board to commence serving the parole violation backtime it had imposed. It is for that reason that the Board in its order of November 27, 1985, did not calculate a tentative reparole date for Patrick.

its November 27, 1985, revocation order on June 13, 1986, and commenced Patrick's parole violation backtime as of March 14, 1986, the date of his sentencing on the new convictions, establishing a tentative reparole date of September 14, 1987. Patrick sought administrative relief pursuant to 37 Pa. Code §71.5(h) contending he was entitled to commence his parole violation backtime as of October 15, 1985, the date to which Judge DAVENPORT had made his county parole retroactive. The Board denied administrative relief and this appeal followed.

Patrick's sole contention in this appeal is that the Board erred by failing to credit his parole violation backtime with the period he was confined from October 15, 1985, through March 14, 1986. Put another way, he argues that the Board erred by failing to recognize the retroactive nature of the common pleas court's grant of parole on his new sentence. The issue of the validity of a grant of retroactive parole is, to our knowledge, one of first impression in the appellate courts of this Commonwealth.

We initially recognize that it is well-settled in this Commonwealth that the courts have no inherent right to grant paroles and that any power or authority to do so must come from the General Assembly. *See e.g.*, *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1943); *Commonwealth v. Harradine*, 148 Pa. Superior Ct. 451, 25 A.2d 576 (1942); *Commonwealth ex rel. Burrell v. Fluck*, 47 Pa. D. & C. 356 (C.P. Montgomery 1943); *Commonwealth v. Prezetos*, 29 North. 337 (Pa. Q.S. 1939). The power of the common pleas court to grant paroles is conferred by the Act of June 19, 1911, P.L. 1059, *as amended*, 61 P.S. §314. That statute provides that the common pleas courts are authorized, after due hearing, to release on parole, any prisoner under their jurisdiction who is confined in a county jail or prison. This authority was repealed in

part by Section 17 of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.17, that vests the exclusive power to parole prisoners who have been sentenced to a maximum term of two years or more in the Board. Section 26 of the Parole Act, 61 P.S. §331.26, provides that the common pleas courts retain paroling authority for prisoners under their jurisdiction subject to sentences with maximum terms of less than two years. The Pennsylvania Supreme Court held that the procedure contained in 61 P.S. §314 was applicable to all prisoners subject to a maximum sentence of less than two years whether confined in a county prison or a state correctional institution. *Georgevich v. Court of Common Pleas of Allegheny County*, 510 Pa. 285, 507 A.2d 812 (1986). Thus, since the concurrent sentence imposed by the common pleas court had a maximum term of eighteen months, clearly less than two years, it retained paroling authority over that sentence under 61 P.S. §§314 and 331.26. Had that sentence been a consecutive sentence, it would have been automatically aggregated with Patrick's prior sentence under Section 9757 of the Sentencing Code, 42 Pa. C. S. §9757, with exclusive paroling authority over that aggregated sentence being vested in the Board. *See Gillespie v. Department of Corrections*, 106 Pa. Commonwealth Ct. 500, 527 A.2d 1061 (1987). *See also Ambrek v. Clark*, 287 F. Supp. 208 (E.D. Pa. 1968).

While the common pleas had the power and authority to grant Patrick parole on his new sentences, our analysis of the pertinent statutes and caselaw convinces us that the common pleas court lacked the power to make its grant of parole retroactive to a date prior to the date of the actual imposition of sentence. We initially note that the statutory language contained in 61 P.S. §314 requires a verified petition for parole be filed on the prisoner's behalf and the common pleas court is re-

quired to hold a hearing before ruling on the parole petition. Also significant is Section 9760(1) of the Sentencing Code, 42 Pa. C. S. §9760(1), that provides:

§9760. *Credit for time served*

After reviewing the information submitted under section 9737 [42 Pa. C. S. §9737] (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term *and any minimum term* shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, *pending sentence,* and pending the resolution of an appeal. (Emphasis added.)

We further note that a prisoner paroled under 61 P.S. §314 who is subsequently recommitted by the common pleas court as a parole violator is not entitled to credit against the original sentence for time the prisoner spent on parole in good standing. *See e.g., Commonwealth v. Fair,* 345 Pa. Superior Ct. 61, 497 A.2d 643 (1985); *Commonwealth v. Broden,* 258 Pa. Superior Ct. 408, 392 A.2d 858 (1978); *Commonwealth ex rel. Forsythe v. Banmiller,* 197 Pa. Superior Ct. 69, 178 A.2d 317 (1962); *Commonwealth v. Ripka,* 37 Pa. D. & C. 315 (Q.S. Philadelphia 1940). Thus, were a common pleas court empowered to make its grant of parole retroactive to a date prior to the actual imposition of sentencing, the prisoner would be deemed to have been on parole since the effective date set by the common pleas court despite the fact that the prisoner was actually incarcerated awaiting sentencing. In the event that the prisoner violates parole and is recommitted by the common pleas court as a parole violator, he would be entitled to no

credit against that sentence for the time he spent on "constructive parole" between the effective date of parole and the date of sentencing when he was actually released from custody on that sentence. This would be in direct conflict with the clear language of 42 Pa. C. S. §9760(1) that requires the court to grant a prisoner credit against both the maximum and minimum terms of their sentence for any time spent in custody on the charge from the initial arrest through the imposition of sentence and appeal. *See also* Pa. R. Crim. P. 1406(b) (defendant entitled to credit against sentence for days spent in custody for that offense up to the imposition of sentence). Thus, a parole violator would be entitled to credit against his sentence for his "constructive parole" time under 42 Pa. C. S. §9760(1) while not being so entitled to that same credit under 61 P.S. §314. A clear conflict between those statutes would exist, therefore, if retroactive parole was possible under 61 P.S. §314.

In resolving this issue, we receive further guidance from Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1933, that provides, in part, that where the provisions of two statutes conflict, the two should be construed, if possible, to give effect to both. *Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975). Only where such a construction is impossible will the specific statute control the general statutes and will be construed as an exception to the general statute. *Paxon Maymar, Inc. v. Pennsylvania Liquor Control Board,* 11 Pa. Commonwealth Ct. 136, 312 A.2d 115 (1973). We are satisfied that 42 Pa. C. S. §9760(1) and 61 P.S. §314 are not irreconcilable and that both can be given full effect if 61 P.S. §314 is construed as not authorizing the common pleas courts to grant parole retroactive to the date of the actual imposition of sentence. This construction is consistent with the procedure set forth in 61 P.S. §314 for petitioning the common pleas courts for

parole. Under Section 314, the court cannot grant a prisoner parole absent a verified petition being filed by the prisoner or on his behalf. Also, the district attorney must be served with a copy of the petition as must the attorney who actually prosecuted the case. Under Section 314, the common pleas court is required to hold a hearing on the parole petition.[5] *See generally* Wile, *Annual Survey of Significant Developments in the Law —Probation and Parole,* 58 Pa. B.A.Q. 119, 121-122 (1987). If parole is granted, the statute then requires the court to place the prisoner under the supervision of a designated probation officer. This very procedure does not envision the possibility of parole becoming effective prior to the actual imposition of sentence. Thus, only prisoners confined on lawfully imposed sentences with maximum terms of less than two years are permitted to be considered for parole under 61 P.S. §314. To construe the statute otherwise would allow prisoners in pre-trial confinement or pre-sentence confinement to file parole petitions with the common pleas court under 61 P.S. §314 prior to knowing whether the common pleas court or the Board will have exclusive paroling authority over their sentence. Under Section 1922(1) of the Statutory Construction Act, 1 Pa. C. S. §1922(1), we cannot presume that such an unreasonable and absurd result is the intention of the General Assembly.

We are further strengthened in this conclusion by the concept of parole itself. The Pennsylvania Supreme Court has defined "parole" as "a penological measure for the disciplinary treatment of *prisoners* who seem capable of rehabilitation outside of prison walls; it does not

---

[5] The sentencing hearing required by Section 9752 of the Sentencing Code, 42 Pa. C. S. §9752, and Pa. R. Crim. P. 1405 also serves as the hearing required by 61 P.S. §314 on a prisoner's parole petition where the sentencing judge grants parole at the time of sentencing.

affect the *sentence*." (Emphasis added.) *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 252-253, 501 A.2d 1110, 112 (1985). Also, as noted by the Superior Court in *Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa. Superior Ct. 335, 247 A.2d 644 (1968), parole is a conditional release from a sentence. *See also Morrissey v. Brewer*, 408 U.S. 471, 477-478 (1972). Thus defined, the concept of parole has traditionally been applied prospectively, allowing those prisoners who have shown promise the opportunity to serve a portion of their sentences of incarceration outside of prison walls under supervision. *See generally* Note, *A Survey of the Law of Probation and Parole in Pennsylvania*, 30 Temple L.Q. 309 (1957). The Board, when evaluating a prisoner for a possible grant of parole, evaluates, in addition to the prisoner's criminal history, environment, and adjustment to prison, the risk to the community of allowing the prisoner to be released and his job potential and employment. 1977-1978 Pa. Bd. of Probation and Parole Biann. Rep. 6.[6] The prospective nature of parole is also recognized by Section 314 itself where the statute requires the court, upon granting parole, to place the prisoner under the supervision of a named probation officer. Where it attempts to make its grant of parole retroactive to a date prior to sentencing, the common pleas court deprives the prisoner of that period of supervision and readjustment outside of prison walls that is designed to provide the prisoner with the best possible chance of obtaining or resuming a useful and meaningful place as a law abiding member of society.

Finally, were we to sanction the practice of retroactive parole, this Court would be placing its stamp of ap-

---

[6] *See also* Wile, *An Overview of the Parole Revocation Process in Pennsylvania*, 92 Dick. L. Rev. 1, 6-7 (1987).

proval upon a plea bargaining practice designed to thwart the clear intent of the General Assembly as expressed in Section 21.1(a) of the Parole Act, 61 P.S. §331.21a(a), and of the Pennsylvania Supreme Court in *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983). In Section 21.1(a) of the Parole Act, the General Assembly specifically mandated that backtime imposed by the Board for parole violations and subsequent sentences must be served consecutively. In *Dorian,* our Supreme Court held that the enactment of Section 9761 of the Sentencing Code, 42 Pa. C. S. §9761, allowing a sentencing court to make a new sentence concurrent with a previously imposed sentence, did not alter that legislative mandate. Therefore, the Pennsylvania Supreme Court held, it is clear that a parole violator who is convicted and sent to prison for another offense must serve his or her parole violation backtime and the new sentence in consecutive order. 503 Pa. at 117, 468 A.2d 1092. *See also Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976); *Rivera v. Pennsylvania Board of Probation and Parole,* 79 Pa. Commonwealth Ct. 558, 470 A.2d 1088 (1984); *Commonwealth v. Draper,* 222 Pa. Superior Ct. 26, 293 A.2d 614 (1972). By the use of retroactive parole, the common pleas court here attempted to do indirectly that which it does not have the power to do directly, namely make a portion of Patrick's parole violation backtime run concurrently with the newly-imposed sentences. This the common pleas court could not do. *Cf. In re McGrath's Estate,* 159 Pa. Superior Ct. 78, 46 A.2d 735 (1946) (one will not be allowed to accomplish by indirection that which a statute forbids to be done by direction). Here, Patrick was given credit by the common pleas court for his pretrial confinement time on his new sentence as he did not post bail on the new offenses. *See Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412

A.2d 563 (1980). After his guilty plea, he was held in custody on the new charges, and hence unavailable to the Board to serve the parole violation backtime it imposed, until the common pleas court imposed sentence on March 14, 1986. It is on that date, and only upon that date, that the only warrant holding Patrick in confinement was the Board's parole violation warrant. It is only upon that date that he actually became available to the Board to serve the parole violation backtime the Board had previously imposed. Prior to that date, he was still held in custody by virtue of the new charges, to which he had already pleaded guilty, as well as the Board's warrant. By ordering that its grant of parole be made retroactive to October 15, 1985, the common pleas court here attempts to change history and would have this Court and the Board engage in the fiction that, but for the Board's warrant, Patrick could have walked out of prison on October 15, 1985. This fiction is absurd since all parties acknowledge that Patrick was not free to leave confinement on the new charges until sentence was imposed by the court on March 14, 1986, and parole on that sentence was granted. The common pleas court cannot use its paroling power under 61 P.S. §314 to change the uncontested and undisputed fact that up until March 14, 1986, Patrick was held in custody on *both* the new conviction and the Board's warrant. Parole violation backtime and subsequent sentences must be served in consecutive order and a common pleas court cannot use its paroling power under 61 P.S. §314 to indirectly do what it is prohibited from doing directly, that is make all or part of its sentence run concurrently with parole violation backtime imposed by the Board.

For the foregoing reasons, we hold that the common pleas courts have no power to grant parole under 61 P.S. §314 to be effective on a date prior to the date sentence is actually imposed and a parole petition is filed

by the prisoner or on his behalf. Our decision in no way impinges upon the discretion of the common pleas court in sentencing, as Patrick would have us believe, since the common pleas court had at its disposal a number of sentencing alternatives available had it desired to ensure that Patrick would be incarcerated for only a specified period of time on his new sentence. For example, Judge DAVENPORT could have imposed a sentence whose maximum term expired on October 15, 1985, or he could have imposed a sentence of partial confinement followed by a period of probation under Section 9724 of the Sentencing Code, 42 Pa. C. S. §9724. Judge DAVENPORT, however, chose not to do so. Rather, he imposed upon Patrick a sentence with a maximum term of eighteen months, expiring on September 1, 1986, and granted him parole on that sentence on March 14, 1986. Thus, while Judge DAVENPORT's order granting parole on the nine to eighteen month sentence was valid under 61 P.S. §314, his attempt to make that grant of parole retroactive to October 15, 1985, was a nullity and the Board was correct in disregarding that part of Judge DAVENPORT's sentencing and parole order. *Cf. Tillman v. Pennsylvania Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 325, 409 A.2d 949 (1980) (common pleas court's attempted resentence of defendant more than thirty days after sentencing is a nullity and the Board may disregard it since it had no legal effect). *See also* 1983 Op. Atty. Gen. No. 1. Therefore, the time Patrick spent in custody from October 15, 1985, through March 14, 1986, is properly credited towards his nine to eighteen month sentence under the provisions of 42 Pa. C. S. §9760(1) and 61 P.S. §331.21a(a), and not his parole backtime. The Board correctly commenced his backtime as of March 14, 1986, and its order is affirmed.

ORDER

Now, October 7, 1987, the order of the Pennsylvania Board of Probation and Parole denying administrative relief to Anthony Patrick from its parole revocation order dated June 13, 1986, establishing the effective date of his eighteen months parole violation backtime at March 14, 1986, and a tentative reparole date of September 14, 1987, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent. The issue in this case is both simple and important: whether a trial judge, who has absolute discretion to parole an individual pursuant to section 314 of the Act of June 19, 1911, P.L. 1059, *as amended*, 61 P.S. §314 (Act),[1] may impose a sentence which includes a retroactive parole order. Because the statute is silent on the issue, and because I believe that the presiding judge at a criminal trial has the discretion to impose such a sentence, I would affirm the retroactive parole order in this case.

The majority concludes that the imposition of a retroactive parole order as part of the sentence conflicts with section 9760 of the Sentencing Code, 42 Pa. C. S. §9760(1), because a parolee, should he commit a parole vioaltion after release warranting recommitment, would lose time for which the statute provides he receive credit. I believe that this analysis avoids the simple fact that the trial court's retroactive parole order, *at the time of imposition*, complies entirely with the requirements of the Sentencing Code.

Section 9760 of the Code requires a sentencing judge to credit the defendant's new sentence with time

---

[1] Repealed in part by the Act of August 6, 1941, P.L. 861 (Parole Act), *as amended*, 61 P.S. §§331.1-331.34.

served while incarcerated and pending sentencing. The trial court order does precisely that. The order dictates that Petitioner be sentenced to concurring terms of 9-18 months on his new convictions and that he be retroactively paroled as of October 15, 1985 from these sentences. In order to appreciate the legal effect of this order, we must bear in mind that parole is not a release from the terms of the sentence:

> The exercise of the power of parole . . . does not impinge upon the judicial power of sentencing the accused in conformity with the law. . . . The sentence is in no wise interfered with. . . . The parolee is not discharged, but merely serves the remainder of his sentence by having his liberty restrained in a manner analogous to that employed in the 'trusty' or 'honor' system of prison discipline. 'The parole authorized by statute does not suspend service or operate to shorten . the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term. . . . While this is an amelioration of punishment, *it is in legal effect imprisonment.*'

*Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 588-89, 28 A.2d 897, 901 (1942) (quoting *Anderson v. Corall,* 263 U.S. 193, 196 (1923)) (emphasis in original).

Thus, when the trial judge ordered the 9-18 month concurring sentences, he properly credited towards these sentences the entire time Petitioner had served in jail for failure to post bail since his arrest. The fact that he ordered Petitioner paroled retroactively from October 15, 1985 in no way alters the fact that Petitioner was credited with the 12½ months time served on the new sentences (March 1, 1985 to March 14, 1986), the first 7½ months in incarceration, and the latter five months on constructive parole. What the parole order *does* per-

mit is for Petitioner to begin serving his recommitment time from the effective date of that parole.[2] This, however, does not alter the fact that as of the date the order was issued, Petitioner was immediately credited with the time he had served pending sentencing. He may *in the future* lose credit for his time on constructive parole from the new sentence, but he has already received credit at the time of sentencing.

The majority maintains that section 314 of the Act must be construed as precluding any legislative intent that retroactive parole orders are permissible. I believe that this conclusion misconceives the essential nature of section 314.

Section 314 of the Act states that trial courts with jurisdiction "are authorized, after due hearing, to release on parole any convict confined in the county jail, house of correction, or workhouse of their respective district. . . . After such hearing, *the court shall make such order as to it may seem just and proper.*" (Emphasis added.) These words are plain and unambiguous. They authorize a trial court to exercise discretion to grant or refuse parole in any manner which the court deems "just and proper." *See Commonwealth v. Fair,* 345 Pa. Superior Ct. 61, 497 A.2d 643 (1985). The legislative intent to grant this complete discretionary role to a sentencing judge can be more fully perceived by review of the Sentencing Code, 42 Pa. C. S. §§9701-9781. Under the Code, a sentencing judge may, except where a mandatory minimum sentence is required by law, exercise discretion to "consider and select one or more of

---

[2] I note that the Board's recommitment order and paroling jurisdiction are in no way affected by the trial court's order. The Board's recommitment penalty of eighteen months is locked in concrete and unaltered by the trial court order. The only issue with regard to the Board is when that recommitment penalty was to commence.

the following alternatives, and may impose them consecutively or concurrently: (1) An order of probation. (2) A determination of guilt without further penalty. (3) Partial confinement. (4) Total confinement. (5) A fine." 42 Pa. C. S. §9721(a). Thus, at sentencing, the sentencing judge

> seeks to vindicate society's interest in imposing appropriate sanctions against those individuals determined to be criminally culpable. At the same time, however, the court must give fair and full consideration to the particular circumstances of individual defendants. . . . Fully recognizing the gravity of the sentencing decision, the Sentencing Code and the Rules of Criminal Procedure clearly contemplate that the 'sentencing judge' be the ultimate adjudicator of criminal sentences.

*Commonwealth v. Knighton,* 490 Pa. 16, 21-22, 415 A.2d 9, 12 (1980).

I believe that this "ultimate adjudicator of criminal sentences" role applies equally in parole matters. To deny a *sentencing judge* the authority to impose parole retroactively and thereby pronounce sentence as he deems just and proper unduly infringes upon the legislative intent to grant this role to the judge. This is especially so in a constructive parole matter where, for instance, the requirements of the court to place the prisoner under a probation officer's supervision are obviously inapplicable.

It is asserted that by issuing a retroactive parole order, the trial court is circumventing the Supreme Court's decision in *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983), which mandates that a parolee's new sentence and his recommitment time be served in consecutive order.

Initially, I note that the trial court could have pronounced the identical sentence on October 15, 1985 and ordered parole immediately. The trial court's authority to issue such an order is undisputed. Thus, the judge could have imposed the sentence and parole order at issue directly. Moreover, the order clearly distinguishes, in consecutive order, which portion of the time Petitioner had served constitutes the penalty of incarceration on the new sentences and which portion constitutes parole time, during which the Petitioner would begin serving recommitment time. Applying Petitioner's backtime to the October 15, 1985 parole date therefore does not amount to concurrent terms.

In conclusion, I am of the opinion that section 314 of the Act grants the sentencing judge the discretion and flexibility to issue parole orders as the judge deems just and proper. In this case, the trial court deemed that Petitioner serve 7½ months of his sentence and that he then be paroled from it. The fact that sentence was imposed on March 14, 1986 necessitated a retroactive parole order. This is the type of flexibility I believe the legislature intended to grant a sentencing judge. To declare such an order illegal would be to interfere with the trial court's discretion in such matters pursuant to section 314. Accordingly, I respectfully dissent.