J-S54020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JOSEPH WORKMAN, JR. | |
| Appellant | No. 14 MDA 2014 |

Appeal from the Judgment of Sentence August 22, 2012
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002256-2007

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 10, 2014**

Appellant, Michael Joseph Workman, Jr., appeals from the August 22, 2012 judgment of sentence of 18 to 36 months' incarceration, imposed following the revocation of his county intermediate punishment (CIP) sentence.  In addition, Appellant's counsel has filed a petition to withdraw, together with an **Anders**[1] Brief, averring the appeal is frivolous.  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We summarize the procedural history of this case, as revealed by the certified record, as follows.  Following a guilty plea to several offenses, including one count of stalking and four counts of recklessly endangering

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

another person (REAP)[2], Appellant was sentenced on April 18, 2008, to 36 months' CIP on the stalking count, a concurrent term of 24 months' probation on each of the four REAP counts, plus fines. Appellant's sentence was revoked after a **Gagnon II**[3] hearing on October 1, 2009, and the trial court resentenced Appellant to a new 36 months' CIP.[4] On January 9, 2012, the Dauphin County Adult Probation Department filed a detainer for Appellant for violation of his CIP. Appellant was served with a notice of violation on February 24, 2012, which alleged numerous violations, including several new criminal charges and traffic offenses.[5] The trial court conducted

---

[2] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 2705, respectively.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778, (1973) (holding that a previously sentenced probationer is entitled to a preliminary revocation hearing (a **Gagnon I**) and a final revocation hearing (a **Gagnon II**)).

[4] Appellant's concurrent four probationary sentences were also revoked, and he received a concurrent sentence of six to 23 months' incarceration on each REAP count.

[5] In addition to numerous technical violations, the notice listed the following new charges filed against Appellant.

> a. 6/04/10-Careless Driving. Disregarding Traffic Lane, Operating Unsafe Equipment
>
> b. 3/31/11-Criminal Mischief
>
> c. 4/13/11-Forgery, Receiving Stolen Property, Access Device Fraud, ID Theft, [Theft by Unlawful Taking]
>
> d. 6/23/11-Operating Vehicle Without Valid Inspection

*(Footnote Continued Next Page)*

a ***Gagnon II*** revocation hearing on August 22, 2012. Following the hearing, the trial court revoked Appellant's CIP sentence and resentenced Appellant to a term of incarceration of 18 to 36 months.[6] No direct appeal was taken.

On June 5, 2013, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed and subsequently, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* on December 11, 2013. Appellant filed a timely notice of appeal on December 30, 2013.[7]

On appeal, Appellant raises the following issues for our review.

> 1. Whether the Court erred in revocating [sic] the Appellant where he had passed his county probation date on July 7, 2012, and his county detainer was never lifted?
>
> 2. Whether the Court erred in revoking the Appellant's probation due to insufficient evidence presented at his revocation hearing on August 22, 2012, where the Court indicated Appellant violated probation by driving and no representative from

*(Footnote Continued)* ───────────────────
> e.    7/29/11-Exceeding 65[MP]H by 23 MPH
>
> f.    12/03/11-Operating Vehicle Without Financial Responsibility

Detention Report, 3/1/12, at 1. A special condition of Appellant's CIP was not to drive. ***Id.***

[6] Appellant was given credit for six months' time served and was made eligible for a Recidivism Risk Reduction Incentive Act sentence of 13½ months. ***See*** 42 Pa.C.S.A. §9756(b.1).

[7] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925(b).

> PennDOT was present at his revocation and where the Officer testified he was revoked twice previously and he was only revoked once previously?

***Anders*** Brief at 5.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's ***Anders*** brief for compliance with the requirements set forth by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 361.

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005) and its progeny, "[c]ounsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the

court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we are satisfied that counsel has complied with the technical requirements of *Anders* and *Santiago*. Counsel carefully summarized the pertinent procedural history and made appropriate references to the record. He acknowledged his own review of the record, articulated one issue that could arguably support an appeal, but stated his conclusion that the appeal is nevertheless frivolous. Further, he set forth the reasons upon which he based that conclusion. Counsel has also complied with the notification requirements described in *Millisock*. Since receiving notice, Appellant has not filed any response. We therefore proceed with our independent review of the record and the issue presented on Appellant's behalf.

We begin by clarifying our appropriate standard of review in the instant appeal.

> An intermediate punishment sentence imposed pursuant to 42 Pa.C.S. § 9763[] may be revoked where the specific conditions of the sentence have been violated. "Upon revocation, the sentencing

- 5 -

alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9773[].

*Commonwealth v. Philipp*, 709 A.2d 920, 921 (Pa. Super. 1998). For the purpose of appeal, our standard of review for revocation of probation is the same as for revocation of intermediate punishment. *Commonwealth v. Fusselman*, 866 A.2d 1109, 1110 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005). "[W]hether an offender is serving a sentence of probation or intermediate punishment, if he violates the assigned conditions, the order of probation or intermediate punishment (as the case may be) may be revoked and a new sentence imposed." *Commonwealth v. Wegley*, 829 A.2d 1148, 1153 (Pa. 2003) (citations omitted).

> In considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Mazzetti*, 9 A.3d 228, 230 (Pa. Super. 2010) (citation omitted), *affirmed*, 44 A.3d 58 (Pa. 2012). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown

by the evidence or the record, discretion is abused." ***Commonwealth v. Burns***, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

In his first issue, Appellant maintains the trial court erred because the detainer, issued on the allegations he violated conditions of his CIP, was not lifted on July 7, 2012, when his CIP probation was set to expire, and his revocation hearing was not held until August 22, 2012. ***Anders*** Brief at 9. We view this question as challenging the timing of Appellant's ***Gagnon II*** hearing after the expiration date of his CIP sentence. Additionally, counsel develops the issue as a challenge to the trial court's failure to award credit for time spent in good standing on the CIP sentence. ***Id.*** at 14-17. We address both aspects of the issue.

When a defendant violates the conditions of his parole, probation, or intermediate punishment during the term of the sentence, a trial court is not foreclosed from revoking the parole, probation, or intermediate punishment within a reasonable time after the expiration of that term. ***See Commonwealth v. Duff***, 192 A.2d 258, 261-262 (Pa. Super. 1963), *reversed on other grounds*, 200 A.2d 773 (Pa. 1964); ***Commonwealth v. Fox***, 69 Pa.Super. 456, 459 (1918). Thus, in cases where the revocation proceeding cannot be commenced before the expiration of the term, a defendant will not be entitled to a windfall based on the timing of his violation or its discovery.

It seems obvious that a violation which takes place on the last day of the probationary period, or so near the end of the probationary period that the court cannot act within the period, should be punishable by revocation of the probation thereafter. …

[T]he question reduces to whether the delay in the revocation in the imposition of the prison sentence is reasonable. It is sufficient that the court which imposed the probation should act promptly after the violation is discovered or, in the case of an accusation of crime, after the conviction, even though the probationary period has expired meanwhile.

*Duff*, *supra* at 262; *see also Commonwealth v Smith*, 860 A.2d 142, 144 (Pa. Super. 2004), *appeal denied*, 868 A.2d 452 (Pa. 2005); *Commonwealth v. Clark*, 310 A.2d 316, 318 (Pa. Super. 1973).

Relative to the timing of a *Gagnon II* hearing, Pennsylvania Rule of Criminal Procedure 708 provides in pertinent part as follows.

**Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**

**(A)** A written request for revocation shall be filed with the clerk of courts.

**(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

…

Pa.R.Crim.P. 708.

> This Court has construed the [Pa.R.Crim.P.] 1409(B)(1)[8] language "speedily as possible" to require that a hearing be held within a reasonable time. In evaluating the reasonableness of a delay, the Court examines three factors: the length of the delay; the reasons for the delay; and, the prejudice resulting to the defendant from the delay.

*Commonwealth v. Ferguson*, 761 A.2d 613, 619 (Pa. Super. 2000) (citations omitted). The delay period is measured from the date of new conviction to the date of the revocation hearing. *Commonwealth v. Bischof*, 616 A.2d 6, 8 (Pa. Super. 1992).

Instantly, a detainer was placed on Appellant on January 9, 2012, based on the pendency of numerous new charges filed against him in Schuylkill County. After Appellant pleaded guilty to the last of them, to wit, forgery and receiving stolen property, on June 20, 2012, the Dauphin County Office of Adult Probation and Parole filed a *Gagnon II* hearing request on July 12, 2012. A hearing was scheduled for August 22, 2012. At the hearing, Appellant did not dispute the fact of his new convictions, arguing instead against a new sentence of incarceration based on mitigating factors.

---

[8] Former Rule 1409 was renumbered to Rule 708 effective April 1, 2000.

In light of these facts, we conclude the trial court did not err or abuse its discretion in revoking Appellant's CIP at a hearing held shortly after the expiration date of his CIP sentence. As noted, the mere fact Appellant's CIP expiration date occurred prior to the *Gagnon II* hearing does not entitle him to a pass on his violations. *Duff*, *supra*. Furthermore, the violations occurred during his CIP, with his final conviction for the new charges occurring on June 20, 2012. Under the criteria for evaluating the promptness in holding the *Gagnon II* hearing, we note the delay in holding the hearing here was not extensive. Further, we discern no prejudice to Appellant related to the timing of the hearing. *See Ferguson*, *supra*. Accordingly, we deem Appellant's appeal on this issue frivolous.

As noted, Appellant's counsel and the trial court also construe Appellant's first issue as challenging the trial court's failure to award credit toward his new sentence for time served on his CIP sentence prior to the violations. As explained by the trial court, a defendant revoked from an intermediate punishment sentence is entitled to credit for time served on that sentence if the revocation is based on technical violations only. Trial Court Opinion, 3/21/14, at 2, *citing* **Commonwealth v. Greenlee**, 398 A.2d 676 (Pa. Super. 1979). Instantly, Appellant's CIP was revoked as a result of his conviction on new charges, precluding any right to the sought credit. Furthermore, we note Appellant was on county supervision, and the requirement to give credit for time served in good standing when

resentencing after a revocation for technical violations pertains only to defendants who are under the supervision of the Pennsylvania Board of Probation and Parole. *Commonwealth v. Broden*, 392 A.2d 858, 859 (Pa. Super. 1978). There is no such requirement for defendants under county supervision. *Id.* Accordingly, we conclude Appellant's appeal on this issue is frivolous.

In his second issue, Appellant alleges the evidence was insufficient to support the violation allegations relative to his driving status because no representative from the Pennsylvania Department of Transportation (PennDOT) was present to testify. *Anders* Brief at 12. However, Appellant's driving status with PennDOT is irrelevant to his revocation in this case. As noted, Appellant had new convictions on charges for forgery and receiving stolen property, which he did not contest. At the *Gagnon II* hearing, Probation Officer Brandi Hooper (P.O. Hooper) explained the inclusion of the motor vehicle citations in the notice of violation, as follows.

> Just so Your Honor is aware, the reason I'm bringing up all the traffic citations was due to the fact that at his original sentencing in 2008 [the trial court] had ordered that he not drive on or off the road. In 2009 the new charges were a result of him taking his uncle's vehicle ….
>
> So, therefore, again it was reimposed that he not be driving on or off the road, and that's why I bring up the traffic violations as a way of pointing out the fact he continues to drive on the road and receive violations as a result.

- 11 -

N.T., 8/22/12, at 4-5. Since it was a violation of Appellant's CIP for him to drive with or without a license, Appellant's driving status was not at issue, and the presence of a representative from PennDOT was unnecessary.

Also in his second issue, Appellant avers the trial court erred in revoking his CIP, where P.O. Hooper testified that Appellant had been revoked twice before, when, in fact, he had been revoked only once before. ***Anders*** Brief at 19. Appellant's assertion is belied by the record. The reference to a "third" violation was made by the Assistant District Attorney in his question posed to P.O. Hooper, as follows. "What's your … recommendation for this – looks like third revocation hearing?" N.T., 8/22/12, at 2. In response, P.O. Hooper described the history of the case, noting only the 2009 prior revocation. ***Id.*** at 2-3. Thus, P.O. Hooper testified correctly, and the trial court's decision to revoke was not based on erroneous testimony. Accordingly, we conclude Appellant's appeal on his second issue is also frivolous.

In light of all the foregoing, we conclude all of Appellant's issues on appeal are frivolous. ***See Santiago***, ***supra***. We therefore grant counsel's petition to withdraw as counsel and affirm the August 22, 2012 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014