J-S62033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| DAVID LYNN GRIFFITH | |
| Appellant | No. 1406 MDA 2015 |

Appeal from the Order Entered July 16, 2015
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000080-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 09, 2016**

Appellant, David Lynn Griffith, appeals from the order entered in the Bradford County Court of Common Pleas, revoking his parole.  We affirm and grant counsel's petition(s) to withdraw.

The trial court opinion accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).  **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a

brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor ***McClendon***[1] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

---

[1] ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981).

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw.[2] The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the

---

[2] Counsel initially filed two petitions to withdraw on May 2, 2016, but failed to attach a copy of the letter that counsel averred he had sent to Appellant, advising Appellant of his right to proceed *pro se* or with newly retained counsel. ***See id. See also Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005) (holding counsel must attach as exhibit to petition to withdraw filed with this Court, copy of letter sent to client advising of client's rights). Following several orders by this Court, counsel filed, on August 10, 2016, a motion to amend his petition(s) to withdraw, acknowledging he had failed to send Appellant a letter advising him of his rights. Counsel attached to his motion the requisite notice letter and confirmed he sent the notice letter to Appellant. We grant counsel's motion to amend his petition(s) to withdraw.

requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

WHETHER THERE WAS SUFFICIENT EVIDENCE TO JUSTIFY
THE REVOCATION OF [APPELLANT'S] PAROLE?

(**Anders** Brief at 5).[3]

Our review of this issue implicates the following legal principles:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. …

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. …

**Commonwealth v. Kalichak**, 943 A.2d 285, 290-91 (Pa.Super. 2008)

(internal citations and footnote omitted). ***See also Commonwealth v.***

---

[3] Appellant has not responded *pro se* or submitted a counseled brief with new privately-retained counsel.

***Mitchell***, 632 A.2d 934 (Pa.Super. 1993) (explaining technical violations of parole conditions can justify revocation of parole).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Maureen T. Beirne, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed December 29, 2015, at 3-4) (finding: Appellant traveled to and lived in Luzerne County without obtaining permission and travel pass; Appellant tested positive for drugs while on parole; Appellant failed to submit to drug tests on several occasions; thus, Appellant violated terms and conditions of his parole in one or more ways, justifying revocation of his parole).[4] Accordingly, we affirm on the basis of the trial court's opinion and following our independent review of the record, we grant counsel's petition(s) to withdraw.

Order affirmed; counsel's petition(s) to withdraw are granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016

_____

[4] The alternative citation for ***Commonwealth v. Ware*** is 737 A.2d 251, 253 (Pa.Super. 1999), *appeal denied*, 561 Pa. 657, 747 A.2d 900 (1999).

**COMMONWEALTH OF PENNSYLVANIA: IN THE COURT OF COMMON PLEAS**

vs.                                    : BRADFORD COUNTY, PENNSYLVANIA

**DAVID L. GRIFFITH**                  : NO.  CP-08-CR-0000080-2013

:    :    :    :    :    :    :    :    :    :    :    :    :    :

### OPINION PURSUANT TO
### PA.R.APP.PROC. RULE 1925(B)

On July 16, 2013, David L. Griffith (Defendant) pled guilty to Driving Under Suspension and *nolle contendere* to conspiracy to commit insurance fraud.  Defendant was sentenced on October 2, 2013 to consecutive sentences on the Conspiracy to Commit Insurance Fraud to a minimum of 4 months and a maximum of 23 ½ months and on the Driving Under Suspension to 60 days.  On April 3, 2014, the court granted Defendant parole subject to the following pertinent conditions:

1. Defendant shall report to the Bradford County Probation Department, or any probation department supervising the defendant, at such dates, times and places and under such conditions as the probation/parole officer may direct;

2. Defendant shall upon request of any parole officer or any law enforcement officer, or any drug testing service provider contracted by Bradford County, submit to any and all forms of testing for the presence of drugs and alcohol, said testing to include, but not be limited to, breath testing, urine testing, blood testing and physical testing;

3. Defendant shall attend drug and alcohol counseling;

4. Defendant shall complete eighty (80) hours of community service.

On April 15, 2015, Bradford County Probation Officer, Jessica Morelli, filed a petition for revocation of parole based on the violation of the above four conditions.  More specifically, the petition alleges the following:

1. As of the date of filing, the Probation Department had not received any documentation that Defendant had scheduled or completed any community service hours.



1



2. As of the date of filing, the Probation Department had not received any documentation that Defendant had scheduled or completed a drug and alcohol evaluation.

3. Defendant failed to submit to drug and alcohol testing on ten separate dates.[1]

4. Defendant tested positive for amphetamines on April 1, 2015 without proof of a valid prescription.

5. On February 23, 2015, Defendant failed to report to his Luzerne County Probation Officer.[2]

On May 28, 2015, Defendant voluntarily waived his *Gagnon* I hearing.

On July 9, 2015, Officer Morelli filed an addendum petition for revocation of parole, stating that Defendant submitted a positive test for methamphetamine on June 24, 2015.

A *Gagnon* II hearing was held on July 16, 2015. At the hearing, there was testimony that Defendant had failed to submit to drug and alcohol testing, that Defendant had failed to provide any documentation of performing community service, and that Defendant had failed to notify the Probation Department and arrange for travel passes prior to working in, and ultimately moving to, Luzerne County. Further, a June 24, 2015 lab result reporting a positive test for methamphetamine was admitted into evidence. On cross examination, it was indicated that the social security number and given name matched Defendant, while the surname on the test, Grimes, was similar but different. There was also testimony of Defendant testing positive for amphetamines on April 1, 2015 without proof of a valid prescription. Upon consideration of the evidence presented, the trial court found the evidence credible that Defendant violated the terms and conditions of his parole in one or more ways as set forth in the petitions.

---

[1] 06/10/2014, 07/02/2014, 07/22/2014, 08/06/2014, 09/15/2014, 09/27/2014, 09/30/2014, 10/08/2014, 10/30/2014, and 11/11/2014.

[2] Defendant had moved to Luzerne County between August and November of 2014 and was transferred to that county's Probation Department in December of 2014.

2

Defendant has appealed the Order of July 16, 2015 revoking his parole, recommitting him and ordering that he not receive credit for time spent on parole. Defendant, in his Statement of Matters Complained of argues:

A. The court erred in finding that the Commonwealth had proved by a preponderance of the evidence that Defendant had violated parole in the manner alleged; and

B. The court erred in denying credit for time spent on parole.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court set forth the following six minimal due process requirements that parole revocation hearings must meet in order to satisfy the due process clause of the Fourteenth Amendment: (1) written notice of the claimed violations of probation or parole; (2) disclosure to the offender of the evidence against the offender; (3) an opportunity for the offender to be heard in person by the fact-finder and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses, unless the hearing tribunal finds "good cause" to deny the offender that right; (5) a "neutral and detached" hearing body, the members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder as to the evidence relied upon and the reasons for revoking probation or parole. In Pennsylvania, probation and parole violations must be proven by a preponderance of the evidence. *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983).

The six elements of *Morrissey* were satisfied. Based on the testimony presented, Defendant violated the terms and conditions of his parole in one or more ways. He traveled to, and lived in, Luzerne County without the travel pass or permission, even though permission was later granted. Considering the match between Defendant's and the July 16, 2015 lab report's information concerning the social security number and given name, and the similarity of the surname between the two, the positive lab result indicates a violation of parole by drug use.

3

Defendant failed to submit to drug tests on several occasions. Each of the above incidents is a violation of Defendant's parole which was proven by a preponderance of the evidence presented at the *Gagnon* II hearing. The Court did not err in revoking defendant's parole.

The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail . . . ." 42 Pa.C.S.A. §9776(e). " [T]he order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *Commonwealth v. Ware*, 1999 PA Super 166, P6 (Pa. Super. Ct. 1999)(citing *Commonwealth v. Carter*, 336 Pa. Super. 275, 281 n.2, 485 A.2d 802, 805 n.2 (1984)). After recommitting the parolee, the court retains the power to grant reparole. 42 Pa.C.S.A. §9776. "The grant to parole or reparole is subject to the court's discretion as to what "may seem just and proper." *Id.* [3] In such cases the defendant, when found in violation of parole, is not entitled as of right to credit for time spent on parole without violation." *Commonwealth v. Fair*, 497 A.2d 643, 345 Pa. Super. 61 (Pa. Super. Ct. 1985) (citing *Commonwealth v. Michenfelder*, 268 Pa.Super. 424, 408 A.2d 860 (1979); *Commonwealth v. Broden*, 258 Pa.Super. 408, 392 A.2d 858 (1978)).

For the foregoing reasons, the court order revoking Defendant's parole based on a preponderance of the evidence and ordering Defendant to serve the remainder of his term with no credit given for the time he spent at liberty on parole should be affirmed.

Date:  December 28, 2015

Maureen T. Beirne, President Judge

---

[3] Id. as quoted refers to , 61 P.S. § 314, repealed effective October 13, 2009 and replaced by 42 Pa.C.S.A. §9776 effective Octoer 13, 2009 which provides similar language. However, the latter provides for reparole "if, in the judgment of the court, there is a reasonable probability that the inmate will benefit by being paroled."

4