J-S25031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON LEE GORDON, | : | |
| | : | |
| Appellant | : | No. 2000 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 21, 2018
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0001036-2014

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 05, 2019**

Brandon Lee Gordon ("Gordon") appeals from the judgment of sentence entered following the violation of his parole for the offenses of driving under the influence of alcohol or a controlled substance ("DUI"), driving under suspension-DUI related, and unauthorized use of a motor vehicle.[1]  Counsel for Gordon has filed a Petition to Withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw, and affirm Gordon's judgment of sentence.

The trial court summarized the history underlying the instant appeal as follows:

> On June 3, 2014, [Gordon] tendered a plea of guilty to [the above-described charges].  That same date, [Gordon] was

---

[1] ***See*** 75 Pa.C.S.A. §§ 3802, 1543(b)(1.1)(i); 18 Pa.C.S.A. § 3928.

sentenced according to the terms of his plea agreement with the Commonwealth.

On August 14, 2015, the [trial court] found [Gordon] in violation of his parole[,] and recommitted him to the county jail to serve the balance of 57 months [for the DUI-relate offense], unless earlier paroled. Two weeks later, [Gordon] was paroled to an in-patient treatment facility.

On May 15, 2017, the county probation department filed a Notification of Hearing for Violation. A parole violation hearing was scheduled for June 21, 2017, before the [trial] court. [Gordon] failed to appear for the hearing and a warrant was issued for his apprehension.

On August 28, 2017, the [trial court] found [Gordon] in violation of his parole[,] and recommitted him to the county jail to serve the balance of the sentence (56 months, 1 day [for the DUI sentence]), effective August 16, 2017. [Gordon] was paroled again on January 3, 2018. Upon his release, [Gordon] resided in the State of Maryland; the Adult Probation Department requested supervision by Maryland.

On April 5, 2018, [the trial court] issued a bench warrant for [Gordon's] apprehension due to his non-compliance with the Interstate Compact for the Supervision of Adult Offenders. On October 25, 2018, the Adult Probation Department filed a Notification of Hearing for Violation; a violation hearing was schedule before the court on November 21, 2018.

[Gordon waived his violation hearing, and admitted to violating his parole.] … [T]he [trial court] recommitted [Gordon] to serve the balance of the DUI sentence (51 months, 14 days), effective October 11, 2018. The [trial court] further ordered [Gordon's] place of confinement to be changed to the state correctional system, and ceded paroling authority to the Pennsylvania Board of Probation and Parole.

Trial Court Opinion, 1/30/19, at 1-3. Gordon timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Counsel subsequently filed, in this Court, a Petition

to Withdraw from representation, and a brief pursuant to **Anders** and **Santiago**.

Gordon presents the following issues for our review:

1. Did the trial court abuse its discretion when it recommitted [Gordon,] on November 21, 2018[,] to serve the balance of his sentence in the State Correctional Institution in [the instant] case …?

2. Did the trial court abuse its discretion when it recommitted [Gordon] to serve the balance of his sentence without giving him a minimum and a maximum number in [the instant] case …?

Brief for Appellant at 8.

We may not address the merits of the issues Gordon raises on appeal without first reviewing counsel's request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must[]

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to [her] client. Attending the brief must be a

letter that advises the client of his right to[] "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), ***appeal denied***, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel's Petition to Withdraw states that she has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Gordon that she was seeking permission to withdraw, furnished Gordon with copies of the Petition to Withdraw and ***Anders*** brief, and advised Gordon of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Further, counsel's brief complies with the dictates of ***Santiago***. Accordingly, we next conduct our review of the issues raised by Gordon, and of the record to insure that no issues of arguable merit have been missed or misstated. ***See Dempster***, 187 A.3d at 272.

Gordon first claims that the trial court improperly resentenced him to serve the balance of his sentence in a State Correctional Institution. Brief for

Appellant at 12. Gordon asserts that "his time would be more productive in a local jail[, s]o that he could participate in the [w]ork [r]elease [p]rogram." *Id.* at 13. According to Gordon, a local sentence "would have better afforded him the ability to care for his family and comply with his monetary obligations." *Id.*

Where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine[] (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Gordon timely filed a post-sentence Motion and a Notice of Appeal. Gordon has also included a separate Pa.R.A.P. 2119(f) Statement of Reasons in his appellate brief.

In his Pa.R.A.P. 2119(f) Statement of Reasons, Gordon alleges that his probation violation did not warrant the imposition of a prison term in a State Correctional Institution. *See* Brief for Appellant at 12-13.

As this Court has explained,

> [t]he determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citation omitted).

Our review of Gordon's Pa.R.A.P. 2119(f) Statement of Reasons reveals that Gordon failed to allege that his sentence is inconsistent with the Sentencing Code, or contrary to the fundamental norms underlying the sentencing process. Accordingly, we decline to find that Gordon has raised a substantial question permitting our review.

In his second claim, Gordon argues that the trial court imposed an illegal sentence, as it sentenced him to serve the balance of his previously imposed sentence, without giving him a minimum and a maximum sentence. Brief for Appellant at 8, 11.[2]

As this Court has explained,

> the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence

_____

[2] There is no argument supporting this contention in the *Anders* brief.

previously imposed. Moreover, such a recommittal is just that - a recommittal and not a sentence. Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail…." *See Commonwealth v. Fair*, 345 Pa. Super. 61, 64, 497 A.2d 643, 645 (1985)[, (citing] 61 P.S. § 314[)]. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645.

*Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008) (stating that "the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed original sentence").

Because the trial court's sentence recommitted Gordon to serve the balance of his already-imposed sentence, Gordon's claim of an illegal sentence fails.

Finally, our independent review discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. As such, we grant counsel's Petition to Withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2019

- 7 -