408 A.2d 860

**COMMONWEALTH of Pennsylvania**

v.

**Robert MICHENFELDER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Aug. 10, 1979.

Ronald F. O'Driscoll, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the sentence imposed by the lower court was excessive because he received no credit for time spent on parole in good standing ("street time"). We disagree and, accordingly, affirm the order reinstating appellant's sentence.

In September 1977, the lower court accepted appellant's guilty plea to charges of burglary, theft by unlawful taking, and criminal conspiracy and sentenced him to "time served" to 23 months imprisonment. On November 1, 1977, appellant was granted parole. While on parole, appellant was twice arrested and committed various other technical parole violations.[1] On May 24, 1978, the court revoked appellant's parole because of his arrests and other technical parole violations.[2] The court reinstated appellant's original 23 month sentence because his conduct indicated that he was not rehabilitated. On the record, the lower court denied appellant's specific request for street time credit.

The Board of Parole must give parolees credit for street time where parole is revoked as a result of merely technical violations. 61 P.S. § 331.21a(b). Persons sentenced to a maximum term of less than two years are expressly excluded from the jurisdiction of the Board of Parole. *Id.* at 331.17. In *Commonwealth v. Broden*, 258 Pa.Super. 408, 392 A.2d 858 (1978), we specifically rejected a claim that the courts must apply the mandatory provisions of 61 P.S. § 331.21a(b) to parolees not under the jurisdiction of the

1. A technical parole violation is one which does not result in conviction of a crime. 61 P.S. § 331.21a(b). Appellant was arrested for theft of movable property and unauthorized use of a motor vehicle in the first instance, and for theft by receiving stolen goods and unauthorized use of a motor vehicle in the second instance. These arrests were technical parole violations because no conviction ensued; charges were dropped in one case and the other was nolle prossed. The other technical violations were failure to report the arrests to a Parole Officer and leaving the country without permission.

2. The preliminary hearing held after appellant's second arrest while on parole met the requirements of *Gagnon* I. Brief for Appellant at 3. On May 1, 1978 appellant admitted the parole violations charged at a parole violation hearing (*Gagnon* II hearing).

Board of Parole. We held that a parolee not subject to the jurisdiction of the Board of Parole is not entitled to credit for street time, even where parole revocation resulted from technical violations.[3]

■ Where no statutorily mandated sentence exists, Pennsylvania trial judges are vested with broad discretion in sentencing. This Court will not reverse a judgment of sentence unless an abuse of discretion is shown. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978). Thus, in order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be manifestly excessive. *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78, 80–81 (1971).

■ In the instant case, appellant is not statutorily entitled to credit for time spent on parole in good standing because he is not within the jurisdiction of the Board of Parole. *Broden, supra*. We must, therefore, look to whether there has been an abuse of discretion by the trial judge. Applying the standard of review articulated in *Knight, supra*, we find no abuse of discretion in this case. The reinstated 23 month sentence did not exceed the statutory maximum nor was it manifestly excessive in view of the trial judge's conclusion that appellant's two arrests while on parole indicated that he was not rehabilitated.

Order affirmed.

**3.** 'But see *Commonwealth v. Greenlee*, 263 Pa.Super. 477, 398 A.2d 676 (1979). The appellant in *Greenlee* alleged that his counsel at post-conviction hearing was ineffective, because he did not object to the admission of hearsay evidence of non-technical parole violations by the appellant. The case was remanded for further evidence on the reason for the lack of objection. The panel assumed without discussion that if the appellant's parole violations had been merely technical he necessarily would have received credit for street time under 61 P.S. § 331.21a(b). Section 331.21 by its terms, however, applies only to parolees within the jurisdiction of the Board of Parole. The appellant in *Greenlee* was not subject to the jurisdiction of the Board. *See* 61 P.S. § 331.17. We therefore decline to follow the dicta in *Greenlee* with respect to credit for street time.