J-A19044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SCOTT SCHIER | : | |
| | : | |
| Appellant | : | No. 482 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002008-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SCOTT SCHIER | : | |
| | : | |
| Appellant | : | No. 483 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 3, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003088-2018

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    Filed: April 22, 2021

These consolidated appeals, by Brian Scott Schier (Appellant), return to this panel following our December 4, 2020, remand for the preparation of a supplemental opinion by the Chester County Court of Common Pleas.  These appeals lie from the judgments of sentence entered, at two dockets, following the January 3, 2020, revocation of Appellant's parole.  Appellant's counsel,

Deborah Brown, Esquire (Counsel), has filed an application to withdraw from representation and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Counsel presents one issue: whether the trial court imposed an illegal sentence by not awarding credit for time on parole prior to the revocation. We conclude this claim is a challenge to the discretionary aspects of sentencing, and was not preserved for appellate review. We grant Counsel's petition and affirm the judgment of sentence.

## I. Procedural History

On February 6, 2019, Appellant appeared before the Honorable David Bortner and entered a negotiated guilty plea to a third offense, "highest tier," of driving under the influence[1] (DUI) at trial docket CP-15-CR-0002008-2018 (DUI/2008 Case). N.T., 2/6/19, at 4. This offense arose from Appellant's operating a vehicle on November 21, 2007, while under the influence. *Id.* at 3. The "highest tier" categorization carried a mandatory minimum sentence of one year. *Id.* at 4. The parties proposed a sentence of one to two years' imprisonment, which they agreed would be "a state sentence," under which Appellant "would still have to go before the state parole board."[2] *Id.* at 5.

---

[1] 75 Pa.C.S. § 3802(d)(2).

[2] *See* 61 Pa.C.S. § 6132(a)(1)(i) (Pennsylvania Board of Probation and Parole shall have exclusive power to, *inter alia*, parole, reparole, commit, and recommit for violations of parole), (2)(ii) ("[T]he powers and duties conferred

However, Appellant requested — and the Commonwealth did not object to — the court's agreement that Appellant could serve the sentence at Chester County prison, so that he could stay near his mother. *Id.* at 5, 13. The parties would then ask "the warden" for permission for Appellant to serve his sentence at the county, rather than state, prison. *Id.* at 6. The trial court agreed, imposed one to two years' imprisonment, stated Appellant was RRRI-eligible, and set an RRRI-minimum sentence of nine months.[3] Appellant was in fact permitted to serve this sentence at the Chester County prison. *See*

---

by this section shall **not** extend to persons sentenced for a maximum period of less than two years . . . ."); 42 Pa.C.S. § 9775 ("A sentencing court shall grant parole from a term of imprisonment for less than a maximum period of two years, and . . . parole shall be without supervision by the board.").

[3] *See* 61 Pa.C.S. §§ 4501-4512 (recidivism risk reduction incentive). This Court has explained:

> [O]ffenders eligible for the RRRI program are sentenced to the minimum and maximum sentences under 42 Pa.C.S. § 9752, and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less . . . . *See* 61 Pa.C.S. § 4505(c). After the defendant serves the RRRI minimum sentence, the Pennsylvania Board of Probation and Parole assesses the defendant's progress in RRRI programs, along with other factors, and determines whether the defendant shall be paroled. 61 Pa.C.S. § 4506. A trial court is required, by statute, to determine if a defendant is eligible for an RRRI minimum sentence. *See* 42 Pa.C.S. § 9756 (b.1).

*Commonwealth v. Pardo*, 35 A.3d 1222, 1224 n.3 (Pa. Super. 2011).

Appellant's Petition for Good Time, DUI/2008 Case, 4/12/19, at 1 (unpaginated).[4]

On that same day, Appellant also pleaded guilty to criminal use of a communication facility[5] (CUCF) at trial docket CP-15-CR-0003088-2018 (CUCF/3088 Case). This charge arose from Appellant's use of a telephone, on June 30, 2018, to arrange a drug transaction. N.T., 2/6/19, at 2. The trial court sentenced him to 221 days to 23 months and one day's incarceration, to run concurrently with the sentence at Docket 2008. The court paroled him on this sentence that same day.[6] Appellant did not file a post-sentence motion at either docket.

Twenty-two days later, on February 28, 2019, the trial court *sua sponte* amended Appellant's CUCF sentence.[7] It appears the sole modification to the sentence was the additional condition: "Sentence may be served at CCP at Warden's discretion." Amended Sentencing Sheet, CUCF/3088 Case, 2/28/19.

---

[4] We did not include cover page in assigning page numbers to Appellant's petition.

[5] 18 Pa.C.S. § 7512(a).

[6] This panel's December 4, 2020, memorandum mistakenly stated Appellant was paroled on his DUI sentence on February 6, 2019. Instead, he was paroled on the CUCF sentence. Parole Order, CUCF/3088 Case, 2/6/19; Trial Court Docket, CUCF/3088 Case, 4/2/20, at 9.

[7] **See** 42 Pa.C.S. § 5505 (generally, a court "may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed").

On April 12, 2019, Appellant, although represented by counsel, filed a *pro se* "Petition for Good Time" in the DUI/2008 case. The motion averred that although the trial court set a RRRI-minimum sentence of nine months, the Chester County Prison did not offer a RRRI program, but did "offer Good Time," a reentry program. **See** Appellant's Petition for Good Time at 2; N.T., 5/28/19, at 8. Appellant thus requested the court grant him "Good Time" so that he may be released.[8] **Id.** The trial docket also includes an entry for a counseled May 14, 2019, "Motion for Parole," but the motion itself is not included in the certified record.

On May 28, 2019 — more than three and a half months after sentencing on February 2, 2019 — the trial court conducted a hearing on Appellant's "Petition for Good Time" in the DUI/2008 case. The trial court observed Appellant would be unlikely to fulfill RRRI requirements, "because those programs aren't available at a county prison," and, furthermore, the court could not "award good time" because it did not "have parole authority." **See** N.T., 5/28/19, at 2-3. Appellant's counsel responded that to resolve this

---

[8] The corresponding docket entry for this motion indicates the *pro se* petition was served on the trial court, Appellant's counsel, and the Commonwealth. **See** Pa.R.Crim.P. 576(A)(4) (where represented defendant submits *pro se* filing, the clerk of courts shall, *inter alia*, accept it for filing, make a docket entry reflecting the date of receipt; copy of filing shall be forwarded to the defendant's attorney and Commonwealth within 10 days).

predicament,[9] the parties agreed "to treat [Appellant's DUI sentence] as an illegal sentence" based on a premise the DUI conviction should have been treated as "a **high** tier, third offense DUI," which carries a mandatory minimum sentence of 90 days, rather than a "**highest** tier third offense DUI," which carried the minimum one-year sentence.[10] *Id.* at 4 (emphases added). Appellant could thus "be resentenced to a county term of imprisonment such that the [trial c]ourt would retain jurisdiction to parole him," and Appellant would be eligible for the reentry program. *Id.* The trial court agreed, and thus vacated the sentence on the ground it was illegal and imposed the new sentence recommended by the parties — 11 months and 29 days to 23 months and 29 days. *Id.* at 6, 8. The new minimum and maximum terms were each one day less than the original terms, and no minimum RRRI sentence was set.

---

[9] While the trial court stated that neither it nor the parties were fully aware, at the initial February 6, 2019, sentencing hearing, that the court "would lose parole authority" in imposing a one to two-year state sentence. N.T., 5/25/19, at 2. As stated above, however, defense counsel plainly stated at the February 6th hearing, "[The sentence] would still be a state sentence and [Appellant] **would still have to go before the state parole board**." N.T., 2/6/19, at 5 (emphasis added).

[10] In this Court's initial review, the certified record included only the trial court's May 28, 2019, amended sentencing sheet, which stated the original sentence was illegal, without indicating why. No transcript of any hearing was transmitted. One of our remand directives was therefore for the court to provide any explanation why the initial February 26th sentence was illegal.

- 6 -

The court also immediately paroled Appellant.[11]  Amended Sentencing Sheet, DUI/2008 Case, 5/28/19.

On December 17, 2019, Appellant was detained for a parole violation. **See** N.T., 1/3/20, at 4; **Anders** Brief at 6.  The trial court conducted a

_____

[11] In our prior memorandum, this panel called attention to whether the trial court had jurisdiction on May 28, 2019, to modify Appellant's sentence.  **See** 42 Pa.C.S. § 5505; **Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa. Super. 2011) ("[A] trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders[,] even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505[.]").  **See also Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa. Super. 2014) ("'[P]atent or obvious mistakes' in an order may be modified beyond the thirty-day modification period.  An alleged error must qualify as a clear clerical error or a patent and obvious mistake in order to be amenable to correction.").

Neither party averred, nor would we conclude, that the original sentencing order misrepresented the intended sentence, or that the May 28, 2019, modification was a correction of a "clerical error."  **See Borrin**, 12 A.3d at 471.  Instead, the parties' intent was to modify the terms of the agreed-upon sentence such that the trial court, rather than the Board of Probation and Parole, would have parole authority.  **See** N.T., 5/28/19, at 4.  **See also** Supplemental Op., 1/20/21, at 6 ("We find no clerical errors (or any patent and obvious mistake) at any time in any of these proceedings.  The sentences were accurately recorded.").  Furthermore, the original sentence was not illegal.  **See** Supplemental Op., 1/20/21, at 3 ("Every part of the original sentence was supported by statutory authority and, therefore, . . . was not illegal.").

Nevertheless, the trial court points out, "although technically not illegal, . . . the RRRI minimum was almost wholly illusory," as "it would have been virtually impossible for [Appellant, in county prison,] to satisfy the RRRI requirements and to be released at the RRRI minimum."  Supplemental Op., 1/20/21, at 4.  Additionally, neither party has challenged the May 28, 2019, resentencing.  **Id.**  The sentence modification was made at Appellant's request, and the Commonwealth agreed.  In light of the foregoing, we decline to vacate the May 28th resentencing for lack of the trial court's jurisdiction.

*Gagnon I* hearing on December 23rd, and a *Gagnon II* hearing on January 3, 2020.[12]  *Anders* Brief at 6.  Present counsel, Attorney Brown, entered her appearance on January 3, 2020.[13]  At the *Gagnon II* hearing, the Honorable Robert Shenkin revoked parole at both dockets.  At the DUI/2008 Case, the court recommitted Appellant to the balance of his maximum term — 12 months and 27 days' incarceration.  Violation Sentencing Sheet & Order, 1/3/20.  At the CUCF/3088 Case, the court recommitted Appellant to the balance of the maximum term — 15 months and 19 days' incarceration.  N.T., 1/3/20, at 4.  At both sentences, the court awarded credit for time served in prison from December 17, 2019 to January 3, 2020.  Pertinent to this appeal, however, the court did not award credit for the time Appellant was on parole prior to his December 17th arrest.

_____

[12] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). This Court has explained:

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citations omitted).

[13] While the text of the entry of appearance is dated January 3, 2020, it is time stamped as "filed," and was entered on the docket, on January 14th.

On February 3, 2020, Appellant filed notices of appeal at each docket.[14]

In response to the trial court's order to file a Pa.R.A.P. 1925(b) statement of

errors complained on appeal, Counsel filed a timely statement of intent to file

an **Anders** brief.  The trial court issued an opinion, reasoning:

> No issues have been preserved for appeal.  No concise statement of errors complained of on appeal has been filed.[FN] We are satisfied that the sentences imposed on [Appellant] are appropriate for his parole violation and other circumstances.
>
> _____
> [FN] In lieu of such statement, pursuant to Pa.R.A.P. No. 1925(c)(4), counsel filed a notice of intent to file an **Anders/Santiago** brief.  If this case should be remanded pursuant to the aforesaid rule, we will file a supplemental opinion.

Memorandum Op., 3/25/20.

## II. December 4, 2020, Remand

The **Anders** brief submitted to this Court raises one issue: "Were the

sentences imposed at Appellant's violation of probation and parole hearing

illegal by extending the end date of supervision?"  **Anders** Brief at 4.  In

support, Appellant would argue "his sentence was illegal as the court did not

credit him for time spent while on parole without violation."  **Id.** at 12.

_____

[14] As noted in our prior memorandum, because the trial court issued separated sentencing orders at each docket, **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), is not implicated.  **See id.** at 977 (requiring separate notices of appeal "when a **single** order resolves issues arising on more than one lower court docket").  The two appeals were consolidated by this Court on April 2, 2020.

This Court observed the certified record did not include any notes of testimony, and the record raised additional issues concerning the legality of Appellant's sentence. We thus concluded we were unable to review the merits of the issue presented in the **Anders** brief. Thus, we remanded for the trial court to file a supplemental opinion addressing: (1) the issue presented in the **Anders** brief — whether the trial court failed to credit Appellant for time spent while on parole prior to revocation, and whether this issue was preserved for appeal; (2) why the court found, on May 28, 2019, the original February 6th sentence was illegal;[15] and (3) whether the court had authority, on May 28th, to amend the sentence more than 30 days after the original sentencing.[16] This Court also directed the court to supplement the record with any available notes of testimony.

The trial court has filed a supplemental opinion and transmitted the transcripts to the: February 6, 2019, sentencing hearing; May 28, 2019,

---

[15] As stated above, this panel is now able to glean, from the newly-transmitted May 28, 2019, transcript, the reasons why the trial court found the original February 6th sentence was illegal. The trial court also aptly addressed this issue on remand in its supplemental opinion.

[16] **See** 42 Pa.C.S. § 5505 (generally, a court "may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed"); **Commonwealth v. Borrin**, 12 A.3d 466, 471 (Pa. Super. 2011) ("[A] trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders[,] even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505[.]").

resentencing hearing; and January 3, 2020, **Gagnon II** hearing. We may now consider Counsel's **Anders** petition.

### III. *Anders* Petition

This Court has stated:

> Before we address the merits of [an] appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny.
>
> *    *    *
>
> . . . Counsel who wishes to withdraw must file a petition . . . stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. Also, counsel must provide a copy of the **Anders** brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel.
>
> The substance of the **Anders** brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. [**Santiago**, 978 A.2d at 361.] Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." [T]he U.S. Supreme Court [has] noted that the **Anders** brief is designed, *inter alia*, to assist the court in making "the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."
>
> *    *    *
>
> [O]nce the court ha[s] determined that counsel satisfied the above requirements, "the court . . . proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal[.]"

- 11 -

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1195-96 (Pa. Super. 2018) (*en banc*) (some citations omitted).

Here, Counsel filed an application for leave to withdraw, stating she "has made a conscientious examination of the record . . . and has determined that this appeal is meritless and wholly frivolous." Counsel's Application for Leave to Withdraw as Attorney of Record, 5/14/20, at 1. *See Yorgey*, 188 A.3d at 1195. The petition further states Counsel provided a copy of the *Anders* brief to Appellant, "notified him in detail [of C]ounsel's legal opinion regarding the lack of merit and frivolity in pursuing this appeal," and advised Appellant he may proceed *pro se* or with a private attorney. Counsel's Application for Leave to Withdraw as Attorney of Record, 5/14/20, at 1-2. Meanwhile, Counsel's *Anders* brief: (1) summarizes the factual and procedural history, with citation to the record, *Anders* Brief at 5-9; (2) opines that after an examination of the record, no potentially meritorious claims arise, *id.* at 10; (3) addresses, with discussion of relevant authority, Appellant's claim that his "sentence was illegal [because] the court did not credit him for time spent . . . on parole without violation," *id.* at 11-12; and (4) concludes "it would be disingenuous to argue there is any evidence the [trial court] abused its discretion in [imposing] Appellant's sentence." *Id.* at 12.

Appellant has not filed any *pro se* or counseled response to Counsel's *Anders* petition. We are satisfied that Counsel has complied with the requirements of *Anders* and *Santiago*. *See Yorgey*, 188 A.3d at 1195-96.

Thus, we proceed to an independent review of the record to determine whether this appeal is wholly frivolous. ***See id.*** at 1196.

## VI. Sentencing Credit Issue

As stated above, the ***Anders*** brief presents one issue:

Were the sentences imposed at Appellant's violation of probation and parole hearing illegal by extending the end date of supervision?

***Anders*** Brief at 4.

Preliminarily, we consider whether this issue is preserved for appellate review. The ***Anders*** brief frames Appellant's question presented as a challenge to the legality of the sentence, which we note cannot be waived and may be considered on appeal despite the failure to preserve the issue in a post-sentence motion or Pa.R.A.P. 2119(f) statement. ***See Commonwealth v. Taylor***, 104 A.3d 479, 489 (Pa. 2014) ("[A] challenge to the legality of sentence cannot be waived[.]"); ***Anders*** Brief at 4. However, Counsel's legal analysis addresses whether the trial court abused its discretion. ***Anders*** Brief at 12 ("Appellant argues his sentence was illegal as the court did not credit him for time spent while on parole without violation. However, it is up to the court's discretion whether to credit such time[.]").

In its initial opinion, the trial court suggested — while acknowledging Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an ***Anders*** brief — this issue was waived because "[n]o concise statement of errors complained on appeal has been filed.[ ]" Memorandum Op., 3/25/20. ***See***

- 13 -

*Commonwealth v. Parrish*, 224 A.3d 682, 693 (Pa. 2002) (appellant must file court-ordered Rule 1925(b) statement, "enumerating all issues they wish to have the appellate court consider, or those issues will be deemed waived for appellate review").  We disagree Appellant's issue is waived on this basis.

Pennsylvania Rule of Appellate Procedure 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders*/*Santiago* brief in lieu of filing a Statement.  **If**, upon review of the *Anders*/*Santiago* brief, **the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived**; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4) (emphasis added).  The rule specifically provides that an attorney's filing of a Rule 1925**(c)(4)** statement, in lieu of a Rule 1925**(b)** statement, will not result in waiver of a meritorious issue.  *See id.*

Nevertheless, we agree with the trial court's reasoning in its more recent opinion — that Appellant's credit-claim is waived for failure to raise it at sentencing.  *See* Supplemental Op., 1/20/21, at 2.  This Court has stated:

> The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail . . . ."  There is no authority for giving a new sentence with a minimum and maximum.  After recommitting the parolee, the court retains the power to grant reparole.  The grant to parole or reparole is subject to the court's discretion as to what "may seem just and proper."  In such cases **the defendant, when found in violation of parole, is not entitled as of right to credit for time spent on parole without violation**.  *Commonwealth v. Michenfelder*, [408 A.2d 860 (Pa. Super. 1979)]; *Commonwealth v. Broden*, [392 A.2d 858 (Pa. Super. 1978)].  Given this setting, and the limited alternatives open to a

- 14 -

court upon finding of parole violation, we do not see the court's order on reconsideration of the parole violation as being excessive. The court found the violations, though technical, to be serious[.]

***Commonwealth v. Fair***, 497 A.2d 643, 645 (Pa. Super. 1985) (emphasis added and some citations omitted).

In ***Michenfelder***, the defendant claimed his sentence "was excessive because he received no credit for time spent on parole in good standing." ***Michenfelder***, 408 A.2d at 861. This Court first observed that because Michenfelder's maximum sentence was 23 months' imprisonment, he was not subject to the Board of Probation and Parole. ***Id.*** We then reasoned:

We [have] held that a parolee not subject to the jurisdiction of the Board of Parole is not entitled to credit for street time [pursuant to 61 P.S. § 331.21a(b), *repealed by* 2009, Aug. 11, P.L. 147, No. 33, § 11(b)*, effective* Oct. 13, 2009. ***Commonwealth v. Broden***, 392 A.2d 858 (Pa. Super. 1978).]

Where no statutorily mandated sentence exists, Pennsylvania trial judges are vested with broad discretion in sentencing. This Court will not reverse a judgment of sentence unless an abuse of discretion is shown. Thus, in order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be manifestly excessive.

In the instant case, [Michenfelder] is not statutorily entitled to credit for time spent on parole in good standing because he is not within the jurisdiction of the Board of Parole. ***Broden***, ***supra***. **We must, therefore, look to whether there has been an abuse of discretion by the trial judge.** [W]e find no abuse of discretion in this case. The reinstated 23 month sentence did not exceed the statutory maximum nor was it manifestly excessive in view of the trial judge's conclusion that [Michenfelder's] two arrests while on parole indicated that he was not rehabilitated.

*Michenfelder*, 408 A.2d at 861-62 (emphasis added and some citations and footnote omitted).

*Michenfelder* treated this issue — a claim that a trial court erred in not awarding sentencing credit for time spent on parole before revocation — as a challenge to the discretionary aspects of sentencing. *See Michenfelder*, 408 A.2d at 861-62. We emphasize:

> The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence[:]"
>
> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted).

Here, Appellant did not request, at the May 28, 2019, resentencing hearing, credit for time spent on parole, and he did not file any post-sentence motion. Accordingly, this issue is waived from our review and we may not consider its merits. *See Conte*, 198 A.3d at 1173. Thus, for *Anders* purposes, the issue is meritless and wholly frivolous. *See Yorgey*, 188 A.3d at 1195-96.

For the foregoing reasons, we grant Counsel's application to withdraw from representation, and we affirm the judgment of sentence.

Counsel's application to withdraw from representation granted. Judgment of sentence affirmed.

President Judge Panella joins the memorandum.

Judge McLaughlin files a concurs in result.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 4/22/21*