J-A26004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE BATES | : | |
| | : | |
| Appellant | : | No. 1966 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006975-2011

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 13, 2024**

Appellant, Bruce Bates, appeals from the June 28, 2022 judgment of sentence entered in the Delaware County Court of Common Pleas following his violation of the terms of his parole ("VOP").  After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

The relevant facts and procedural history are as follows.  On May 7, 2012, Appellant entered a negotiated guilty plea to Theft by Unlawful Taking, graded as a first-degree misdemeanor.  That same day, the trial court sentenced Appellant pursuant to the negotiated plea to time-served to 23 months of incarceration and to pay $5,600 in restitution.

Subsequently, Appellant violated his parole in 2014, 2016, 2017, 2019, and 2020, for reasons that included, among other things, not making restitution payments as ordered.  Each time Appellant violated his parole, the

court sentenced him to full back time, immediate parole, and to make restitution payments.

On April 26, 2022, and May 12, 2022, Appellant appeared for a sixth parole violation hearing based on his failure to pay restitution. Appellant stipulated to the violation.[1] At the hearing, Appellant's counsel explained that Appellant had been hit by a forklift and injured in December of 2021, and, in February of 2022, was placed on temporary disability. Counsel further explained that Appellant's did not willfully violate his parole; rather, it was his lack of employment that prevented him from making restitution payments. He, thus, requested that the VOP court terminate his parole, arguing that "the fact that it's been reduced to a civil judgment indicates he's still required to pay."[2] N.T. Hr'g, 4/26/22, at 7. After hearing further argument, the VOP court determined that it did not have the authority to terminate Appellant's parole. Appellant then raised an objection to the timing of the revocation hearing. The VOP court continued the hearing so the parties could develop a record on that claim.

At a hearing on June 28, 2022, the VOP court revoked Appellant's parole and once again sentenced Appellant to full back time with immediate parole and ordered him to pay restitution. The VOP court ordered that Appellant's

_____

[1] Appellant still owed $5,126 in restitution and had last made a payment in October of 2021.

[2] In 2014, and again on July 1, 2022, a civil judgment for the unpaid restitution was entered against Appellant.

parole would terminate when he paid the restitution in full. The court did not make a finding that Appellant's failure to pay was willful.

On July 6, 2022, Appellant filed a timely post-sentence motion, which the trial court denied as moot after Appellant filed a notice of appeal from his judgment of sentence.

Appellant raises the following issues on appeal:

1. Did the trial court lack statutory authority to revoke [A]ppellant's parole for failure to pay restitution?

2. Did the trial court lack authority to revoke [A]ppellant's parole where the court never made any finding at any of his revocation hearings that any nonpayment was willful, which was a required finding because the restitution is a condition of parole?

3. Did [A]ppellant's latest revocation sentence, which continued to extend criminal court supervision beyond the statutory maximum sentence for the underlying offense and failed to give credit for ten years of "street time" spent on parole, deprive him of his state and federal due process rights and constitute an illegal sentence?

4. Whether [A]ppellant was denied his state and federal due process rights when an uncounseled *Gagnon II* hearing was allowed to proceed on January 29, 2019[,] in the absence of a knowing and intelligent waiver, such that the resultant revocation sentence constituted an illegal sentence?

Appellant's Brief at 4-5.[3]

_____

[3] Appellant has also presented an issue in which he urges this Court to "adopt the holding of *Commonwealth v. Bolds*, 272 A.3d 463, 2022 WL 71879 (Pa. Super. Jan. 7, 2022) (unpublished), and terminate [A]ppellant's supervision, asserting that the restitution is enforceable and payable pursuant to 42 Pa.C.S. § 9728." Appellant's Brief at 4.

*(Footnote Continued Next Page)*

**A.**

This Court's review of a VOP sentence is "limited to the validity of the revocation proceedings and the legality of the judgment of sentence." ***Commonwealth v. Anderson***, 788 A.2d 1019, 1022 (Pa. Super. 2001).

Section 1106 of the Crimes Code addresses the payment of restitution as a condition of probation and parole providing:

(b) Condition of probation or parole.--Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, the offender's compliance with such order may be made a condition of such probation or parole.

\*\*\*

(f) Noncompliance with restitution order.--Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution shall notify the court within 20 days of such failure. . . . Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a magisterial district judge, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S. § 1106 (b), (f).

A court cannot revoke probation or parole for non-payment of fines, costs, or restitution absent a determination that the failure to pay is willful or

---

Superior Court Operating Procedure 65.37 provides that "unpublished, non-precedential, memorandum decisions" may be used in to decide appeals in certain enumerated circumstances. 210 Pa. Code. § 65.37(b). **Bolds** is, however, a judgment order and not an unpublished, non-precedential, memorandum decision. Accordingly, Superior Court OP 65.37 does not apply and we may not "adopt" its holding, as Appellant urges, in our disposition of the instant case.

- 4 -

that the probationer made insufficient bona fide efforts to acquire the resources to pay. ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1242-43 (Pa. Super. 2009). This requirement exists to prevent indigent defendants from being sentenced to prison solely because they do not have enough money. ***Bearden v. Georgia***, 461 U.S. 660, 667-68 (1983). Such an outcome would violate the fundamental fairness guaranteed to defendants under the Fourteenth Amendment. ***Id.*** at 672–73.

**B.**

In his first two issues, Appellant claims that the VOP court lacked authority to revoke his parole for non-payment of restitution because: (1) pursuant to 18 Pa.C.S. § 1106(f), restitution is only enforceable through the trial court's contempt powers; and in the alternative, (2) the VOP court did not make a finding on the record that Appellant willfully failed to make restitution payments. Appellant's Brief at 26-32, 32-37.

As set forth above, Section 1106(f) provides, in relevant part, that when an offender fails to pay restitution, "the court shall order a hearing to determine if the offender is in contempt of court **or has violated his probation or parole**." 18 Pa.C.S. § 1106(f) (emphasis added). Thus, by its plain language, the restitution statute permits the VOP court to find a defendant in violation of his parole if he fails to make restitution payments. Appellant's claim that the trial court lacked authority to find him in violation of his parole on this ground, thus, fails.

Appellant also contends, and the Commonwealth agrees, that the VOP court only had authority to revoke his parole if it determined on the record that Appellant willfully failed to make restitution payments. We agree. Our case law is clear that the VOP court may only revoke a parolee's parole for failure to make restitution payments if the court determines that the failure to pay was willful. Accordingly, the VOP court here erred in revoking Appellant's probation without first determining that his failure to pay was willful. *See Allshouse*, 969 A.2d at 1242-43. We, thus, vacate Appellant's judgment of sentence and remand to the VOP court for further proceedings.

**C.**

In his third issue, Appellant avers that his revocation sentence is illegal because it extends his supervision beyond the statutory maximum sentence for the underlying offense and failed to give him credit for ten years of "street time." Appellant's Brief at 38-41. Relying on 18 Pa.C.S. § 106(b)(6), Appellant asserts that his May 7, 2012, conviction of Theft by Unlawful Taking, graded as a first-degree misdemeanor, carries a statutory maximum penalty of five years of supervision, which, in his case, expired on May 7, 2017. He argues, therefore, that each of his revocation sentences since 2017 have extended beyond the five-year statutory maximum. *Id.* at 38. He further asserts that his sentence is illegal because the court failed to give him any credit for the ten years he has spent on parole and extended his sentence beyond the statutory maximum "where his only 'violation' was an inability to pay the entire outstanding balance of his restitution." *Id.* He characterizes

his revocation sentences as "illegal extensions of his parole for the sole purpose of paying off restitution." *Id.* at 40.

Our review of Appellant's argument in support of his first claim—that his sentence is illegal because it extends his supervision beyond the maximum sentence for the underlying offense—reveals that Appellant has failed to develop it with citation to and discussion of controlling authority. Accordingly, Appellant has waived this argument. *See Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."); *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof.").[4]

Appellant also claims his sentence is illegal because the VOP court did not grant him credit for time spent on parole. Appellant's Brief at 39.

Section 9760 of the Sentencing Code, titled "Credit for time served," provides, in relevant part, that "[c]redit against the maximum term and any

_____

[4] Moreover, contrary to Appellant's assertion, Section 1106(b)(6) of the Crimes Code provides that "[a] crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of **imprisonment**, the maximum of which is not more than five years." 18 Pa.C.S. § 1106(b)(6) (emphasis added). Thus, by its plain language, Section 1106(b)(6) pertains to imprisonment and not supervision.

- 7 -

minimum term shall be given to the defendant for all time spent in **custody**. . . . Credit shall include credit for time spent in **custody** prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1) (emphasis added). "[A] defendant, when found in violation of parole, is not entitled as of right to credit for time spent on parole without violation." ***Commonwealth v. Fair***, 497 A.2d 643, 645 (Pa. Super. 1985).

In support of his claim, Appellant cites ***Commonwealth v. Michenfelder***, 408 A.2d 860 (Pa. Super. 1979), in which this Court interpreted a prior parole statute that our legislature repealed in 2009. That statute, 61 P.S. § 331.21a(b), required the Parole Board to "give parolees credit for street time where parole [was] revoked as a result of merely technical violations." ***Michenfelder***, 408 A.2d at 861. The statute also provided that offenders who were sentenced to less than two years in prison fell under the jurisdiction of the trial court, not the parole board. ***Id.*** (citing 61 P.S. § 331.17 (repealed in 2009)). The ***Michenfelder*** Court held that those offenders were "not **entitled** to credit for street time, even where parole revocation result from technical violations." ***Id.*** at 861-62 (emphasis added). Instead, the decision of whether to grant credit for street time was left to the trial court's discretion.

Following our review, we find ***Michenfelder*** inapposite. ***Michenfelder*** not only makes clear that a defendant is not entitled to credit for time spent on parole as Appellant asserts, but it also indicates that the decision whether to grant credit is within the court's discretion. Therefore, a challenge to the

exercise of that discretion implicates the discretionary aspects and not the legality of the sentence imposed. Accordingly, this claim is meritless.

**D.**

In his final issue, Appellant baldly claims that the revocation sentences imposed by the court since 2019 were illegal because Appellant did not knowingly and intelligently waive his right to counsel at a January 29, 2019 VOP hearing. Appellant's Brief at 41-45. Appellant has not, however, provided any citation to or discussion of relevant controlling authority in support of his conclusory assertion that where the VOP court's waiver of counsel colloquy is inadequate, the subsequent VOP sentence imposed by the court is illegal.[5] Appellant's failure to do so has hampered our ability to conduct meaningful appellate review of this issue. Accordingly, it is waived.

**E.**

In sum, Appellant is entitled to relief on his claim that the VOP court erred in finding Appellant in violation of his parole for failing to pay restitution without determining whether Appellant's non-payment was willful. Each of his

---

[5] In support of his proposition that "where a preceding sentence was illegal, any subsequent probation revocation sentence is illegal" Appellant relies on this Court's holding in **Commonwealth v. Milhomme**, 35 A.3d 1219 (Pa. Super. 2011). Appellant's Brief at 41, 44-45. In **Milhomme**, we concluded that the appellant's underlying judgment of sentence was illegal because it did not contain a minimum and maximum term as required by the Sentencing Code. **Milhomme** does not address a claim that a sentence entered following an inadequate waiver of counsel colloquy is illegal. Accordingly, **Milhomme** is not relevant to Appellant's argument.

other claims lack merit.    Accordingly, we vacate Appellant's Judgment of Sentence and remand for further proceedings.

Judgment of Sentence vacated.  Case remanded for further proceedings. Jurisdiction relinquished.

Judge King joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2024