IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Mills, : 
                Petitioner : 
                 : 
      v. :   No. 255 C.D. 2023
                 :   Submitted: March 8, 2024
Pennsylvania Parole Board, : 
                Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                          FILED:  April 10, 2024

Dennis Mills (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed February 24, 2023, which denied his request for administrative relief. Additionally, Dana E. Greenspan, Esq. (Counsel), Petitioner's court-appointed counsel, has filed an application to withdraw,[1] asserting this appeal lacks merit. After careful review, we grant the application to withdraw and affirm the Board's decision.

## I. BACKGROUND[2]

On November 29, 2018, Petitioner entered guilty pleas in Delaware County, Pennsylvania, to two counts of retail theft, and one count each of violation

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[2] Unless otherwise stated, we base the recitation of the facts on the Board's response to Petitioner's administrative remedies form, mailed February 24, 2023. *See* Response to Admin. Remedies Form, 2/24/23, at 1-3.

of probation, possessing an instrument of crime, terroristic threats, and simple assault.[3] *See* Sentence Status Summ., 3/1/19. He was sentenced to an aggregate of one and one-half years to four years of incarceration, with a maximum sentence date of August 6, 2022. *See id.* Petitioner was paroled on February 6, 2020. *See* Order to Release on Parole, 11/22/19.

On September 2, 2020, Petitioner was held on the Board's detainer, but the detainer was canceled the following day, and Petitioner was released. *See* Warrant to Commit & Detain, 9/2/20; *see also* Order to Cancel Warrant, 9/3/20. On December 11, 2020, Petitioner was arrested on new charges in Philadelphia, Pennsylvania, and the Board issued a detainer pending disposition of those charges. *See* Warrant to Commit & Detain, 12/11/20; Not. of Bd. Decision, 1/11/21;[4] Criminal Arrest and Disposition Report, 3/1/22. He did not post bail on the new charges.

On January 27, 2022, Petitioner pleaded guilty to one count of criminal attempt to commit retail theft[5] and was sentenced to 6 to 12 months of incarceration. *See* Negotiated Guilty Plea, 1/27/22. The sentencing court indicated that it would immediately parole Petitioner. *See id.*

Petitioner waived his right to counsel and a revocation hearing. *See* Revocation Hr'g Report, 3/15/22. The Board recommended that Petitioner be recommitted as a convicted parole violator (CPV), and to deny credit for time spent

---

[3] 18 Pa.C.S. §§ 3929, 1001, 907, 2706, and 2701, respectively.

[4] The Notice of the Board's decision, recorded January 11, 2021, notes that Petitioner was arrested on December 4, 2020. However, other documents, including his criminal arrest and disposition report, as well as the Board's response to Petitioner's administrative remedies forms, clarify that the *criminal occurrence* was on December 4, 2020, but Petitioner was not arrested until December 11, 2020. *See* Not. of Bd. Decision, 1/11/21; Criminal Arrest and Disposition Report, 3/1/22; Response to Admin. Remedies Form, 2/24/23, at 1-3.

[5] 18 Pa.C.S. § 901.

2

at liberty on parole due the nature of the new charges and Petitioner's multiple positive drug screens. *See id.*

On March 18, 2022, the Board recommitted Petitioner as a CPV. *See* Order to Recommit, 3/18/22. The Board noted that Petitioner had served 47 days of backtime and one additional day of confinement to which he was entitled to credit. *See id.* Petitioner, with 864 days of his original sentence remaining, had his maximum sentence date recalculated to June 9, 2024. *See id.* Notice of the decision was mailed March 30, 2022.

By correspondence dated April 10, 2022, Petitioner challenged the recommitment, contending the Board had erred by failing to give him credit for time he alleged was spent in custody solely on the Board's retainer. *See* Correspondence, 4/13/22. Petitioner subsequently sent the Board an additional administrative remedies form, challenging the calculation of his maximum sentence date. *See* Admin. Remedies Form, 4/15/22.

On February 24, 2023, the Board denied his request. On March 17, 2013, Petitioner filed in this Court a timely, counseled petition for review of the Board's decision. *See* Pet. for Rev., 3/17/23.

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's application to withdraw complies with the *Turner/Finley* requirements. A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted).

3

Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Upon review, we conclude that Counsel has satisfied the technical requirements of *Turner/Finley*. Counsel discussed the nature of her review, identified the issues raised in Petitioner's administrative appeal—namely, the calculation of his maximum date following his recommitment to Pennsylvania state custody and failure to grant him time credit—and explained why those issues lack merit. *See id.*

Counsel sent a copy of the brief and application to withdraw to Petitioner and advised him of his right to proceed *pro se* or with new counsel. *See Turner* Letter, 6/1/23, at 1-5; Appl. for Leave to Withdraw as Counsel, 6/1/23, at 1-3; Proof of Serv., 6/1/23. Petitioner has not retained new counsel, and he has not filed a *pro se* response.[6]

## III. DISCUSSION[7]

Counsel has identified two issues that Petitioner would seek to raise for review, both related to the calculation of his maximum sentence date and grant of credit for time served either in confinement or at liberty on parole. *See Turner* Letter at 3.

---

[6] The Board has not filed a brief.

[7] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

**A. Credit for Time Incarcerated on Board's Detainer**

First, Petitioner asserts that the Board failed to credit him for 215 days when he was incarcerated in Philadelphia solely on a Board detainer. *See Turner Letter* at 3. According to Petitioner, when he was sentenced to 6 to 12 months of incarceration on January 27, 2022, he was granted immediate parole by the sentencing court, retroactively effective to May 11, 2021. *See id.* He therefore contends that he should have been credited any additional time he was held after May 11, 2021. *See id.*

When calculating credit for pre-sentence confinement, several principles apply. First, when an offender is incarcerated on the Board's detainer and new charges, all time spent in confinement must be credited to either his new or original sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003); *see also Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When an offender is incarcerated on the Board's warrant and does not post bail on new charges, the time is credited to his new sentence. *See Gaito*, 412 A.2d at 571. However, if this period of pre-sentence incarceration exceeds the maximum period of incarceration on the new sentence, an offender receives credit to the original sentence. *See Martin*, 840 A.2d at 309.

Section 6138 of the Prisons and Parole Code[8] provides that when an offender is committed as a CPV following a new sentence which is to be served in a county prison, he must serve his new sentence prior to serving his original sentence. *See* Section 6138(a)(5)(iii), 61 Pa.C.S. § 6138(a)(5)(iii). Additionally, where a sentencing court enters an order which simultaneously imposes a county sentence and grants parole from the county sentence retroactive to a date prior to the date of

---

[8] Prisons and Parole Code, 61 Pa. C.S. §§ 101-7301.

sentencing, the Board must disregard the backdated order. *See Patrick v. Pa. Bd. of Prob & Parole*, 532 A.2d 487, 491-92 (Pa. Cmwlth. 1987).

When Petitioner was paroled on February 6, 2020, he had 912 days remaining on his original sentence. He received one day of confinement credit from September 2, 2020, to September 3, 2020, while held solely on the Board's detainer, leaving him with 911 days on his original sentence. *See Gaito*, 412 A.2d at 571. Following Petitioner's arrest on the Board's detainer on December 11, 2020, and his arraignment on December 12, 2020, he did not post bail on the new charges. The Board granted him one day of pre-sentence confinement credit for December 11, when he was held solely on the Board's detainer. *See Gaito*, 412 A.2d at 571. Petitioner was not entitled to subsequent pre-sentence confinement credit, because he was not held solely on the Board's detainer but also new criminal charges for which he did not post bail. *See id.* However, because his pre-sentence confinement exceeded the maximum period of incarceration on his new sentence, he was granted an additional 46 days of credit towards his original sentence. *See Martin*, 840 A.2d at 309. Subtracting 47 days of credit from the 911 days remaining, Petitioner had 864 days left on his original sentence.

Additionally, because Petitioner was sentenced to a county term, he was required to serve his new sentence prior to beginning service of his backtime. *See* 61 Pa.C.S. § 6138(a)(5). Therefore, Petitioner could not begin serving his original sentence until January 27, 2022, when he was sentenced in Philadelphia County and immediately paroled. *See id.* Although the trial court indicated in its order that Petitioner was paroled effective May 11, 2021, the Board is not permitted to accept backdated parole orders. *See Patrick*, 532 A.2d at 491-92.

Therefore, 864 days of original sentence time, added to the date of availability of January 27, 2022, results in a recalculated maximum date of June 9, 2024. The Board did not err or abuse its discretion in recalculating Petitioner's maximum sentence date, and this issue is without merit. *Fisher*, 62 A.3d at 1075 n.1; *Zerby*, 964 A.2d at 960.

### B. Credit for Time Spent at Liberty on Parole

Next, Petitioner asserts that the Board abused its discretion by failing to grant him credit for time spent at liberty on parole. *See Turner* Letter at 3. Petitioner contends that the new conviction is a non-violent, low-level crime and that he has been addressing his drug and alcohol issues by participating in numerous treatment programs since his December 2020 arrest. *See id.*

The Board has the discretion to award credit for time spent at liberty on parole but is not required to do so, provided it articulates the basis for its decision.[9] *See Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466, 473-75 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(2.1)(i)-(ii).

Instantly, the Board indicated that it did not grant Petitioner credit for two reasons: first, because he had been convicted on new charges that were the same or similar to his original offense, and second, because he continued to demonstrate unresolved drug and/or alcohol issues. *See* Revocation Hr'g Report, 3/15/22. The Board noted that Petitioner had tested positive for cocaine three times. *See id.* This reasoning is sufficient to deny Petitioner credit for time spent at liberty on parole.

---

[9] Conversely, the Board does not have the discretion to grant credit for time spent at liberty on parole if the new crime is a crime of violence or a specifically enumerated crime relating to registration of sex offenders. *See Pittman*, 159 A.3d at 473; 61 Pa.C.S. § 6138(a)(2.1)(i)-(ii). Neither situation is applicable to the instant matter.

*Pittman*, 159 A.3d at 474-75.  Accordingly, the Board did not abuse its discretion, and this issue is without merit.  *Fisher*, 62 A.3d at 1075 n.1; *Zerby*, 964 A.2d at 960.

## IV. CONCLUSION

For these reasons, we conclude Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Petitioner's appeal lacks merit.  Accordingly, we grant Counsel's application to withdraw her appearance and affirm the Board's decision.  *See Zerby*, 964 A.2d at 960.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Mills,                         :
                    Petitioner        :
                                      :
        v.                            :    No. 255 C.D. 2023
                                      :
Pennsylvania Parole Board,            :
                    Respondent        :

# **O R D E R**

AND NOW, this 10th day of April, 2024, Counsel's application to withdraw is GRANTED, and the order of the Pennsylvania Parole Board entered in the above-captioned matter is AFFIRMED.

_____
LORI A. DUMAS, Judge